[Civ. No. 12986.   Second Dist., Div. Two.   Apr. 29, 1942.]

FLOYD BORROR et al., Respondents, v. MILTON H. BERRY, JR., Appellant.

Henry L. Walleck and David Silverton for Appellant.

Fred E. Subith for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs (cross-defendants) after trial before the court without a jury in an action to recover damages received in an automobile accident, defendant (cross-complainant) appeals.

The evidence being viewed in the light most favorable to plaintiffs, the essential facts are:

March 30, 1939, plaintiff Cecil Borror, while traveling south on Sepulveda Boulevard, noted that one of his cylinders was "missing." He therefore pulled his car off the highway and parked six or eight inches west of the westerly pavement line of the boulevard. His co-plaintiffs were riding in a truck just behind him. They likewise stopped and parked off the highway. A few minutes later defendant, while driving his automobile at a speed of from 35 to 40 miles per hour in a southerly direction on the same boulevard struck the parked truck in which plaintiffs Floyd Borror and Edward Miller had been riding, causing the truck to strike plaintiff Cecil Borror's parked automobile, as a result of which the plaintiffs received personal injuries and the truck was damaged.

Defendant filed a cross-complaint against plaintiffs seeking damages as a result of the injuries which he received in the accident.

It is necessary for us to determine three questions, which will be stated and answered hereunder seriatim.

*First: Is there substantial evidence to sustain the trial court's findings that:*

(*a*) *Plaintiffs' automobiles were not parked upon the highway at the time of the accident, and*

(*b*) *Plaintiffs were not contributorily negligent.*

This question must be answered in the affirmative.

█ (a) The defendant concedes that each of the plaintiffs testified that their cars were parked "clear off the pavement." This testimony was substantial evidence to sustain the trial court's finding that plaintiffs' automobiles were not parked upon the highway at the time of the accident in question.

█ (b) Since the evidence discloses that there was substantial evidence to sustain the trial court's finding that plaintiffs' automobiles were not parked upon the highway when the accident occurred, section 582 of the Vehicle Code was not applicable to the facts of the instant case and it was, therefore, a question of fact for the trial court to determine from all of the evidence whether plaintiffs were contribu-

torily negligent. The evidence being conflicting, the trial court's determination of this issue is binding upon this court. For the applicable rules of law in such a situation see *Estate of Winzeler*, 42 Cal. App. (2d) 246, 248 [108 P. (2d) 720].

*Second: Did the trial court err in awarding plaintiff Cecil Borror damages in the sum of $360?*

■ This question must be answered in the negative. Plaintiff Cecil Borror testified that he was disabled for a week or two, that his earning capacity as truckman was $2.50 or $3.00 a day, and that he suffered pain in his "shoulder bone" for about a month. The amount of damages awarded to said plaintiff rested within the sound discretion of the trial judge based on the foregoing evidence, and we are of the opinion that the award was reasonable.

*Third: In view of the fact that all plaintiffs recovered in the aggregate only the sum of $1,037 damages on their complaint, did the trial court err in allowing them to recover the amount of their costs on defendant's cross-complaint, upon which judgment was entered in their favor?*

■ This question must be answered in the negative. Section 1032, subsection (a) of the Code of Civil Procedure is not applicable to the instant question. This section applies to costs allowed to *plaintiffs*. The pertinent section in the present case is section 1032, subsection (b) of the Code of Civil Procedure, which is applicable to *defendants* and reads in part thus:

"In the Superior Court, except as otherwise expressly provided, costs are allowed, of course: . . . (b) to the defendant upon a judgment in his favor . . . in the actions mentioned in subdivision (a) of this section or as to whom the action is dismissed."

Subdivision (a) of section 1032 of the Code of Civil Procedure allows costs to a successful plaintiff in an action for the recovery of money or damages as a matter of course, unless he falls within an exception noted in the section, which exception does not apply to this case. The present action is an action for the recovery of damages and, since the judgment was in favor of *cross-defendants*, the trial judge properly entered a judgment providing "that the cross-defendants have and recover their costs herein taxed in the sum of $28."

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.