[Civ. No. 16515.  Second Dist., Div. One.  Nov. 29, 1948.]

CLAUDE .B. CRIPE, Respondent, v. EARL E. RILEY, Appellant.

P. E. Durkee for Appellant.

Mason & Howard and C. Loy Mason for Respondent.

DORAN, J.—This is an appeal from the judgment.

The complaint alleges in substance that defendant was the owner of a restaurant; that plaintiff and defendant entered into a contract "partly written and partly oral, wherein and whereby the plaintiff was to manage and operate," said restaurant for a period of one year; that plaintiff was to pay defendant 7½ per cent of the gross receipts and in addition to deposit with defendant $500 as a guarantee against damage; that said $500 was paid and another $100 was paid for stock on hand; that plaintiff operated said restaurant two weeks whereupon defendant terminated the alleged contract and ejected plaintiff. Damages were sought in the sum of $15,290.

The answer admitted an agreement but denied "said employment" was for a fixed period; other allegations were generally denied. A cross-complaint alleged a breach of the contract by cross-defendant and damages sought by cross-complainant.

A jury returned a verdict for $1,750 and judgment entered accordingly.

It is not disputed that the following memorandum was signed by appellant:

"June 26, 1946.

"Received from Claude Cripe $500 Five Hundred Dollars deposit on good will. Also security on equipment, deposit of $500.00 to be retained by E. E. Riley for six months, is returnable if Claude Cripe leaves within six months, not returnable after six months after date above. It's also understood that Claude Cripe may remain here as long as he wishes and has full charge of my cafe, and he is to receive all monies taken as compensation for such work as he does, less wages for employees needed to help him. He is to pay E. E. Riley 7½ per cent on gross receipts.

/s/ Earl E. Riley."

The evidence appears somewhat conflicting as to other issues. For example, as to respondent's conduct in the operation of the restaurant which defendant contended constituted a breach of the agreement; the cost and quality of the foods served, as well as a few other things in connection with which defendant urged amounted to a breach of the agreement.

Appellant's brief recites that "A contract of employment under an oral agreement is terminated at any time at the option of either party," also that "A person employed in a managerial capacity must exercise a reasonable degree of competence." A few cases are cited as authority for the above quoted principles and followed by the brief argument that respondent did not have a contract for any definite period of employment and was subject to discharge by the employer at any time for services not considered competent by the employer.

It appears from an examination of the record that the contract in question was for an indefinite period of time. Assuming that it was a contract of employment, it also appears that in connection therewith, certain conditions were imposed on both parties. In substance and effect, the action herein involves an alleged violation of these conditions. The jury found for the plaintiff. Although the evidence in part is conflicting it is sufficient to support the verdict and judgment so far as the disputed questions of fact are concerned. Appellant's contentions recited above are actually included in the disposition by the jury of the disputed questions of fact.

Appellant's contention that the trial court erred in taxing costs in plaintiff's favor because the amount of the verdict was for a sum within the jurisdiction of an inferior court is without merit. The trial court was authorized to allow respondent to recover costs on appellant's cross-complaint, upon which judgment was entered in respondent's favor. *Borror* v. *Berry*, 51 Cal.App.2d 552, 554 [125 P.2d 537].) Moreover, the order denying appellant's (cross-complainant's) motion to tax costs was made after judgment and no appeal was taken from such order.

There are no prejudicial errors in the court's instructions.

The attempted appeal from the order denying the motion for a new trial is dismissed. The judgment is affirmed.

York, P. J., and White, J., concurred.