MORIARTY, Appellant, v. TOMLINSON, et al, Respondents.

(235 N. W. 363.)

(File No. 6806. Opinion filed May 11, 1931.)

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*Fuller & Robinson,* of Pierre, for Respondents Hart, Johnson, Stringer, and Ludwig.

*Sutherland, Payne & Linstad,* of Pierre, (*Chambers Kellar,* of Lead, and *A. K. Gardner,* of Huron, of counsel), for Respondent Hofer.

RUDOLPH, J. This action is brought by the receiver of the Inter-State Surety Company, an insolvent company, to recover upon a contract of indemnity. Prior to the appointment of a receiver, the company was engaged in the business of writing corporate, fidelity, and surety bonds. In the usual course of its business in the month of April, 1923, the company wrote two depository bonds to secure deposits in the First National Bank of Onida; one in the sum of $50,000 to secure the deposits of the Onida Independent school district, and one for $20,000 to secure the deposits of Sully county. While these depository bonds were in force, the bank failed, having at the time of failure a deposit of the school district in the sum of $1,603.96 and of the county in the sum of $16,461.63. Both the school district and the county filed claims with the receiver, and the receiver allowed such claims in the respective amounts above mentioned. Prior to the execution of the depository bonds and as part of the consideration therefor, the defendants executed indemnity agreements, the material parts of which are as follows:

"Whereas, the Company may, by making and executing such bond or undertaking, as Surety, become liable to pay and may pay various and sundry sums or amounts of money under said bond and may be obliged to employ counsel and other assistants from time to time in its behalf and may be put to expense in inquiring into various matters relative to liability assumed under such bond.

"Now, Therefore, in consideration of the premises, we the undersigned, hereby covenant with the Company, its successors and assigns, in manner following—that is to say:

"First. That we will at all times indemnify and keep indemnified the Company, and hold and save it harmless from and against

any and all demands, liabilities and expenses of whatsoever kind or nature, including counsel and attorney's fees, which it may at any time sustain or incur by reason of or in consequence of having executed such bonds, undertaking or renewals, or in connection with the enforcement of this bond of indemnity, and that we will pay over, reimburse and make good to the Company, its successors or assigns, all sums and amounts of money which the Company or its represntatives shall pay or cause to be paid or become liable to pay, under its obligation upon such instruments, or as charges and expenses of whatsoever kind or nature, including counsel and attorney's fees, by reason of the execution thereof or in connection therewith, or in connection with the enforcement of this bond of indemnity, such payment to be made to the Company as soon as it shall have paid out said sum or any part thereof ~~or not~~.

"That in any settlement between us and the Company the vouchers or other proper evidence showing payment by the company of any such loss, damage or expense shall be prima facie evidence against us of the fact and amount of our liability to the Company, provided that such payment shall have been made by the Company in good faith, believing that it was liable therefor."

The receiver has not paid the claims in full, but has paid $1,083.94 on the two claims, proceeds of a dividend ordered by the court in the process of liquidation of the surety company. What, if any, further payments can be made from the assets of the company, does not appear.

The plaintiff, receiver, seeks in this action to recover of the defendants the full amount of the claim as allowed by the receiver, on the theory that the indemnity agreement was an agreement to indemnify the company against liability. The defendants admitting their liability for the amount actually paid by the insolvent surety company repaid to the receiver the $1,083.94 paid by him on the claims, but they deny any liability under the indemnity agreement except for actual loss; their theory being that the agreement is an indemnity against loss or damage and that before a recovery may be had actual loss by payment must appear. The issue is here presented upon a demurrer to the complaint on the ground that it did not state a cause of action. The lower court sustained the demurrer, and the receiver appeals.

There is but one question presented on this appeal, namely, whether the contract is an indemnity against loss or against liability. Appellant concedes that if the agreement does not indemnify against liability, no cause of action is stated and the court properly sustained the demurrer. Respondents concede that if the agreement indemnifies against liability, a cause of action is stated and the court erred in sustaining the demurrer. The decision of this matter rests entirely upon the construction of the agreement in question. Manifestly there can be no precise rule for the interpretation of such contracts, but each case must rest upon the construction of the particular contract under consideration, and the contract must be given that construction which will most nearly carry out the intention of the parties. What then was the intention of the parties in this case as that intention may be determined from the contract itself? Was the intention here as shown by the contract to indemnify against liability, or was it to indemnify against loss or damage? The appellant contends that the following provisions of the contract are conclusive in construing this contract as a contract to indemnify against liability, namely: "That the defendant will indemnify the Company and hold and save it harmless from, and against any and all demands, liabilities and expenses which it may at any time sustain or incur by reason of having executed such bonds." With this we cannot agree. The above proposition, standing alone, would undoubtedly support appellant's contention, but when read with the other language of the agreement a different intention is apparent. It will be noted that, in the first paragraph of the agreement wherein are set forth the recitals stating the purpose for which the agreement was executed, the words "may become liable to pay and may pay various and sundry sums" are used. There the conjunctive form of expression is resorted to, which indicates that it was not protection against liability which was sought, but protection against liablity plus the payment of varous and sundry sums. In this connection it will also be noted that in paragraph "First" of the agreement itself the disjunctive form of expression is resorted to by the use of the following words, "shall pay or cause to be paid, or become liable to pay"; but here where this disjunctive form of expression is used, it is immediately followed by the following, "such payment to be made to the Company as soon as it shall have paid out said

sum or any part thereof ~~or not.~~" This last phrase indicates that there was to be no payment to the company until the company had paid out the money which they seek to recover. The fact that the last two words of this clause last above quoted, that is, the words "or not," are interlined and stricken out of the agreement, we believe to be very material in showing what the intention of the parties here actually was at the time this agreement was executed. Had there been an intention to indemnify against liability, this intention would have been more clearly expressed had the words "or not" been left as a part of the agreement. If it were the intention to have an indemnity against loss or damage these words had no place in the agreement, and the fact that they were stricken out indicates that the parties were of the opinion that they had no place in the agreement and that the payment should be made to the company only as the company suffered damage or loss by actual payment of the money.

The second paragraph of that portion of the agreement designated as "First" further concludes us to the belief that the intent of the parties was to indemnify against loss or damage. This paragraph is as follows: "That in any settlement between us and the Company the vouchers or other proper evidence showing payment by the Company of any such loss, damage or expense shall be prima facie evidence against us of the fact and amount of our liability to the Company, provided that such payment shall have been made by the Company in good faith, believing that it was liable therefor." While it might be that this clause merely prescribed a rule by which the defendants were to be bound regardless of the nature of the liability they assumed, yet when construed with the last sentence of the paragraph immediately following, that is, "such payment to be made to the Company as soon as it shall have paid out said sum or any part thereof," it appears to be more than a rule by which the defendants agree to be bound, but indicates that it was the intention of the parties that there should be no payment by the defendants until such time as the company actually paid out the money and that the presentation of a voucher showing the payment of the money to the defendants would be evidence of the fact of liability of the defendants. In this last clause above quoted, it will also be noted that the amount of the liability under the agreement is fixed, wherein it is provided:

"The vouchers * * * showing payment of any such loss, damage or expense shall be prima facie evidence against us of the fact *and amount of our liability to the Company.*" Here the amount of the liability of the defendants to the company is fixed, and as fixed is the amount that the company has actually paid on account of any loss, damage, or expense. The vouchers, it is agreed, are prima facie evidence of the amount of the liability to the company.

We do not believe that a review of the cases cited by either appellant or respondent would serve any useful purpose. There seems to be no conflict in the principles decided in the cases cited, but each case turns upon the language of the particular instrument under consideration. No particular word or clause can be singled out of any such agreement and conclusively establish the rights of the parties, but the agreement must be looked at and construed in its entirety, and that construction must attempt to reach the intention of the parties as expressed in the instrument. As was said in the case of Taylor v. Coon, 79 Wis. 76, 48 N. W. 123, 126: "That was an action on a bond, one of the conditions of which was that the obligors (the defendants) would save the obligee harmless from all loss or liability for or on account of certain judgments. This, standing alone, would clearly be an indemnity against liability. Yet, because of certain other conditions in the bond, the language of which imported only an indemnity against loss, it was held that, notwithstanding the condition first above mentioned, the bond was only for indemnity against loss. So we hold here that the covenant to pay a proportionate share of the indebtedness the indorser may be called upon to pay (the meaning of which may be somewhat equivocal) must, in the light of the other clauses in the covenant, be interpreted as only an indemnity against loss."

We are of the opinion that the trial court correctly interpreted the agreement under consideration, and the order sustaining the demurrer is therefore affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.