[Sac. No. 7180.   In Bank.   Oct. 13, 1961.]

ROBERT B. DUMAS, Plaintiff and Respondent, v. ROBERT L. STARK, Defendant and Appellant.

Charles J. Miller and Wallner and Miller for Defendant and Appellant.

Clarence H. Pease for Plaintiff and Respondent.

GIBSON, C. J.—Judgment was entered in favor of the plaintiff in this action for the rescission of the sale of a business. Defendant has appealed on a partial clerk's transcript, asserting that the judgment is not supported by the findings.

Rule 52 of the Rules on Appeal provides: "If a record on appeal does not contain all of the papers, records and oral proceedings, . . . it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record." ▮ The last sentence was not in the rule when it was adopted in 1943, and it was added in 1951 to make it clear that there was no intent to allow unwarranted presumptions against the judgment. ▮ If, on appeal on a judgment roll or clerk's transcript, the error urged by the appellant does not appear on the face of the record, all intendments will be made in support of the judgment, as was the case prior to the adoption of rule 52. (*White* v. *Jones,* 136 Cal.App.2d 567, 571 [288 P.2d 913]; *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 805-807 [241 P.2d 639].) On the other hand, if the error claimed by appellant does appear on the face of the record on such an appeal, the presumption in rule 52 is applicable. (*West Covina Enterprises, Inc.* v. *Chalmers,* 49 Cal.2d 754, 758 [322 P.2d 13]; *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 583 [186 P.2d 748]; *Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1, 9 et seq. [181 P.2d 72]; see 3 Witkin, California Procedure (1954), pp. 2242-2243.)

▮ The complaint alleged that prior to the sale defendant made representations that his scale business had a net operating profit in excess of $15,000 a year, that during a five-month period shortly preceding the sale the net operating profit was $1,365.17 per month, and that the scale collections for the period were $10,424.36. It was also alleged that the term "net operating profit" was defined by an agreement of the parties made prior to the sale as "the total of the operating expenses consisting of payroll, rentals, insurance premiums,

phone, transportation, maintenance, . . . deducted from the gross collections from the scales. . . .''

The complaint further alleged that the representations were false and were known to be false by defendant at the time they were made, that they were made to induce plaintiff to rely thereon and to enter into a conditional sales contract, that plaintiff did rely on them and was induced to enter into the contract, and that after the sale plaintiff sent defendant a notice of rescission and offered to return the consideration received by him but defendant refused to return any of the consideration he had received.

The court found that the above allegations were true and that the annual net profit for the three years preceding the sale averaged $9,305.60. (Although the representation as to annual profits did not specify that it was based on the three years preceding the sale, it did not specify any other period, and there is no claim that the court erred in choosing the three years as a representative period upon which to base its calculations with respect to annual profits.) It was also found that for the five-month period the average net profit per month was $818.66 and the gross scale collections were $8,349.34. The findings contain the amounts of gross income and itemized expenses for each period, and the net profit figures were calculated by the court on the basis of these amounts. It appears from the findings that some expenses not enumerated in the contract definition of net operating profit were included in the calculations. In determining the truth of the representations that the ''net operating profit'' exceeded $15,000 a year and averaged $1,365.17 a month during the five-month period, the definition of that term in the contract as gross income less certain enumerated expenses is, of course, controlling. The court erred in its computations by deducting from gross income some expenses not enumerated in the contract in addition to those which were properly deductible. This error appears on the face of the record, but it also appears on the face of the record that the error was not prejudicial.

The findings show that, if only those items of expense coming within the contract definition are deducted from the gross income for the three years, the average annual net operating profit for the period was substantially less than the amount represented. Defendant concedes that six items which were deducted by the court come within the contract definition. In addition, the expenses for a truck and for gas and oil are obviously ''transportation'' expenses, which are de-

ductible under the contract definition. The expense for "scale tickets" which the court also deducted is followed in the findings by the word "transportation" in parentheses, showing that the court determined this item to be a transportation expense. When the expenses conceded by defendant and those for truck, gas and oil, and "scale tickets" are deducted from the gross income for the three years, the net operating profit averaged $12,385.69 per year instead of in excess of $15,000 per year as represented. With respect to the representation that net operating profit for the five-month period was $1,365.17 per month, it appears from the findings that, when deductions from gross income are limited to the expenses included within the contract definition, the profit was only $1,069.23 per month. As we have seen, the court also found that the gross scale collections for the five-month period were $8,349.34 instead of $10,424.36 as represented.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

Appellant's petition for a rehearing was denied November 8, 1961.