E. G. BECKER, d/b/a Rent-It-Center, and Employer's Commercial Union Insurance Company, Plaintiffs,

v.

CENTRAL TELEPHONE AND UTILITIES CORPORATION et al., Defendants.

No. CIV 73-4003.

United States District Court, D. South Dakota, S. D.

May 30, 1975.

Deming Smith and Michael F. Pieplow, of Davenport, Evans, Hurwitz & Smith, and Joe W. Cadwell, of Braithwaite & Cadwell, Sioux Falls, S.D., for the plaintiffs.

John L. Morgan and John F. Cogley, of Morgan & Fuller, Mitchell, S.D., for defendant Central Telephone & Utilities Corp.

A. D. Sommervold, of Woods, Fuller, Shultz & Smith, Sioux Falls, S.D., for defendant Black & Veatch Consulting Engineers.

Donald J. Porter, of Martens, Goldsmith, May, Porter & Adam, Pierre, S.D., for the defendant Hood Corp.

**1358**

## MEMORANDUM DECISION

NICHOL, Chief Judge.

In this case for damage to property caused by an explosion of natural gas, the jury returned its verdict in favor of the plaintiffs and against all three defendants. The jury apportioned liability as follows: Central Telephone & Utilities Corporation (Cengas), 45%; Hood Corporation, 35%; and Black & Veatch Consulting Engineers, 20%. Each defendant cross-claimed against the other two defendants for indemnity. In an opinion published at 365 F.Supp. 984 (D.S.D.1973), this court, acting pursuant to agreement of counsel, held, *inter alia*, against Cengas on its common law indemnity claim from Hood, but in favor of Cengas on its contractual indemnity claim from Hood. On Hood's appeal to the Eighth Circuit, the case has been remanded for further proceedings solely on the contract indemnity question. 509 F.2d 42, 48 (8th Cir. 1974).

In 1968 Cengas, a supplier of natural gas in Sioux Falls, South Dakota, contracted with Hood Corporation for the construction of a gas pipeline. Hood was to do the actual laying of the pipeline. Black & Veatch was hired by Cengas to oversee the performance of Hood. Hood installed this new pipeline over an existing pipeline. The existing line broke under the weight of the new line, which led to the gas leak and explosion in 1971 at issue in this lawsuit.

The contract language significant in this case reads as follows:

Contractor (Hood) shall, at its own cost, settle and discharge all claims made by reason of the acts or omissions of the Contractor, his agents, employees or sub-contractors and indemnify and save harmless the Owner (Cengas) from loss and damage from *claims made on account of work done under the contract.* (Emphasis added).

This court interpreted the quoted language as providing indemnity in favor of Cengas, regardless of whether Cengas was actively negligent in connection with the claim at issue. 365 F.Supp. at 988. In reaching that conclusion, this court relied on its understanding of South Dakota law, particularly as applied by the Eighth Circuit in Associated Engineers, Inc. v. Job, 370 F.2d 633 (8th Cir. 1966). However, in this case the Court of Appeals has indicated, in its opinion remanding the case, that Cengas is not entitled to indemnity from Hood Corporation if this court finds that Cengas was causally negligent, in whole or in part, subsequent to the completion and acceptance of the 1968 construction project. The Court of Appeals based this holding on its interpretation of the emphasized portion of the quotation set out above. The Court reasoned that if Cengas was causally negligent after completion and acceptance, it could not be said that the claim was one "made on account of the work done under the contract." 509 F.2d at 48. The Eighth Circuit's guidance, 509 F.2d at 48, is explicit:

The District Court must determine whether Cengas' liability rested in whole or in part upon its independent acts of negligence subsequent to the completion and acceptance of the project. If it so finds, it will deny indemnity.

Counsel for Cengas and Hood have agreed to submit the matter to the court on the evidence adduced at the original jury trial. Having reviewed the transcript, and having had the benefit of briefs and arguments of counsel, this court concludes, for the reasons stated hereinafter, that Cengas is not entitled to contractual indemnity from Hood Corporation.

In seeking to prevail on its indemnity claim, Cengas must of course meet the usual burden of proof imposed on any civil claimant. *See* Ruddy v. New York Central R.R., 224 F.2d 96, 99 (2nd Cir. 1955). In the context of this case, and in light of the Eighth Circuit's opinion, Cengas must prove that its liability for the gas explosion, as found by the jury

verdict in favor of the plaintiffs, was not based on causal negligence of Cengas after the completion and acceptance of the project. Put in the converse, Cengas must prove that its liability to the plaintiffs is based on conduct falling within the scope of the indemnity clause of the contract, as that clause has now been authoritatively interpreted by the Eighth Circuit. *See* Barber-Greene Co. v. Bruning Co., 357 F.2d 31 (8th Cir. 1966).

Under the law applicable to plaintiffs' case against Cengas, as stated in this court's previous published opinion, 365 F.Supp. at 988,

> the jury could have found Cengas liable (a) based on its non-delegable duty as a supplier of an inherently dangerous product, (b) based on its failure to inspect and remedy the unreasonable practices of its contractor, Hood, (c) based on a failure to maintain pipelines in a safe condition, (d) based on a failure to take all reasonable steps to prevent the explosion after notification of the leak, or a combination of these elements.

Cengas' burden, then, is to prove by a preponderance of the evidence that its liability to the plaintiffs, as found by the jury, was not based on negligence with regard to elements (c) and (d). The court has reviewed the testimony of witnesses Ellenbecker, Pirtle, Soyers, Leffers, and Dr. Nelson, and concludes that Cengas has failed to meet its burden. Indeed, the evidence supports the conclusion that Cengas was in part causally negligent in failing to take all reasonable steps to prevent the explosion after notification of the leak, and this court so finds. The evidence as to Cengas' negligence under (d) is nearly evenly balanced, but in this court's opinion the greater weight of the evidence lies in favor of the conclusions just stated.

There is a conflict in the evidence as to when Cengas did receive notice of the leak. Two witnesses testified that they called Cengas about the leak at around 9:30 A.M. A Cengas employee, on the other hand, produced a company record which indicated that the first call came at 10:02 A.M. The explosion occurred at 10:35 A.M. Whichever time is correct (9:30 or 10:02), it is nonetheless clear that Cengas did nothing between that time and the explosion which in any way *effectively* reduced the likelihood of an explosion and the resulting damage. A Cengas employee did reach the scene at about 10:10 A.M., but the record clearly shows that neither he nor any other Cengas employee took any action which effectively reduced the chance of an explosion. Cengas failed to prove that such conduct was not causally negligent with regard to the explosion. It follows as a matter of law that Cengas is not entitled to contract indemnity from Hood Corporation.

The foregoing shall constitute the court's findings of fact and conclusions of law, in accordance with Rule 52 of the Federal Rules of Civil Procedure. Counsel for Hood Corporation shall forthwith prepare and submit an order and judgment in accordance with this memorandum decision.