Carol A. BARTAK, Special Administratrix for the Estate of John A. Bartak, Deceased

v.

BELL–GALLYARDT & WELLS, INC., Hammell-Green-Abrahamson, Inc., Reid Burton Construction Co., Inc., Leslie Koss, and Curran V. Nielson Painting and Decorating, Inc.

No. CIV 77–5042.

United States District Court, D. South Dakota.

July 18, 1979.

738

Robert L. Varilek, Rapid City, S. D., for plaintiff.

Franklin J. Wallahan, William G. Porter, Rapid City, S. D., Charles M. Thompson, Pierre, S. D., Robert F. LaFleur, Rapid City, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

On April 20, 1979, a jury verdict was rendered in favor of the plaintiff and against defendants Reid Burton Construction Co., Inc., Bell-Gallyardt & Wells, Inc., and Leslie Koss, in the amount of $600,-107.17. The liability was apportioned by the jury among the defendants as follows: Reid Burton Construction Company 65%, Bell-Gallyardt & Wells 35%, Curran V. Nielson 0%. Issues involving contribution, indemnity and costs have arisen before this Court.

### I.

### CONTRIBUTION

◼ The first issue is whether there remains any right of contribution against Curran V. Nielson. Contribution among joint tort-feasors is set forth in S.D.C.L. 15–8–11 through 15–8–22, inclusive. S.D. C.L. 15–8–11 states:

> For the purposes of sections 15–8–12 to 15–8–22, inclusive, the term 'joint tort-feasor' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

S.D.C.L. 15–8–12 states:

The right of contribution exists among joint tort-feasors.

Curran V. Nielson does not qualify as a joint tort-feasor. The jury specifically found that Curran V. Nielson was not negligent in any manner, and furthermore was not liable for the injuries to the plaintiff. Therefore, no right of contribution exists against Curran V. Nielson.

### II.

### INDEMNITY

Bell-Gallyardt & Wells and Leslie Koss allege that the contract entered into between the architects and Reid Burton Construction compels this Court to order that Reid Burton Construction indemnify Bell-Gallyardt & Wells and Leslie Koss. The issue presented is whether the terms of the contract, specifically §§ 4.18.1 and 4.18.3 require Reid Burton Construction, as the general contractor, to indemnify Bell-Gallyardt & Wells and Leslie Koss for the losses assessed against them by the jury. This Court holds that Reid Burton Construction is not liable for the losses attributed to Bell-Gallyardt and Leslie Koss.

◼ The Eighth Circuit Court of Appeals in the case of *Becker v. Black and Veatch Consulting,* 509 F.2d 42 (8th Cir. 1974) set forth the law in South Dakota on construction of indemnity contracts.

> In construing any particular provision or contract, it is necessary to examine the contract as a whole, *Eberle v. McKeown,* 83 S.D. 345, 159 N.W.2d 391 (1968); *Moriarity v. Tomlinson,* 58 S.D. 431, 235 N.W. 363 (1931). An indemnity contract is to be construed according to the clear and unequivocal expression of the parties intent embodied in the ordinary meaning of the words used. *Associated Engineers, Inc. v. Job,* [370 F.2d 633] *supra; Schull Construction Co. v. Koenig,* 80 S.D. 224, 121 N.W.2d 559 (1963). Any doubts are to be resolved in favor of the indemnitor. *Id.*

Each case must rest upon the construction of the contract under consideration. The

contract must be given that construction which will most nearly carry out the intentions of the parties. *Moriarity v. Tomlinson, supra.*

▉ Bell-Gallyardt & Wells and Leslie Koss contend that the indemnitor (Reid Burton Construction) has the burden of proof. This Court disagrees. A number of jurisdictions have held that the party seeking indemnity has the burden of proof. *Gimbel Brothers v. William H. Vanderherchen,* 468 F.2d 597 (3rd Cir. 1972); *Le Blanc v. 2–R Drilling Company,* 527 F.2d 1316 (5th Cir. 1976); and *Lusich v. Bloomfield S. S. Co.,* 355 F.2d 770 (5th Cir. 1966).

Specifically, the Third Circuit Court of Appeals stated in *Gimbel Brothers v. Vanderherchen, supra,* at page 599, that to relieve a party of his own negligence, "the language must be clear and unequivocal and the burden of proof falls on the party seeking such relief." The Court further stated that, "This burden is even greater where as here, such party drafted the agreement." *Gimbel Brothers v. Vanderherchen, supra,* at page 599.

Judge Fred Nichol, interpreting South Dakota law, in the case of *Becker v. Central Telephone & Utilities,* 393 F.Supp. 1357 (D.S.D.1975), imposed the burden of proof on the party seeking indemnity. The party seeking indemnity must:

> [P]rove that its liability to the plaintiff is based on conduct falling within the scope of the indemnity clause of the contract
>
> . . . .

The editors of Am.Jur.2d are also in accord with this Court's determination as to the burden of proof.

> The burden of proof is on the indemnitee to clearly prove all elements of his case against the indemnitor. In an action to recover indemnity under an express contract, the burden is on the indemnitee to prove that the liability for which he has been charged is within the scope of the agreement.

▉ In this instance, the jury verdict revealed that both Bell-Gallyardt & Wells-Leslie Koss and Reid Burton Construction Company were negligent. The jury deter-

mined that 35% of the negligence which proximately caused the injury was attributed to Bell-Gallyardt & Wells and Leslie Koss, while 65% was attributed to Reid Burton Construction Company. The indemnity provision in question is located in a form contract written by Bell-Gallyardt & Wells. It is axiomatic that between two reasonable and practical constructions of an ambiguous contractual provision, that provision should be construed less favorably to that party which selected the contract language. *United States v. Seckinger,* 397 U.S. 203, 90 S.Ct. 880, 887, 25 L.Ed.2d 224 (1970).

▉ Specific language must be used in an indemnity contract if one is to be held liable for losses attributable to another's negligent acts.

A contract of indemnity purporting or claiming to relieve one from consequences of his failure to exercise ordinary care must be strictly construed. Accordingly it is frequently stated as a general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it. Mere general, broad and seemingly all-inclusive language which in the indemnifying agreement has been said not to be sufficient to impose liability for the indemnitee's own negligence. It has been held, for instance, with regards to words, "any and all liability." 41 Am.Jur.2d § 15. p. 699–700.

Section 4.18.1 provides:

> § 4.18.1. The contractor shall indemnify and hold harmless the owner and architect and their agents and employees from and against all claims, damages, losses and expenses, including attorneys' fees arising out of or resulting from the performance of the work provided that any such claim, damage, loss, or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the

work itself) including the loss of use resulting therefrom, and (2) his cause in whole or in part by any negligent act or omission of the contractor, any subcontractor, anyone directly or indirectly employed by any of them or anyone for whose act any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.

The language of this section is clear and unequivocal. The contractor will indemnify and hold harmless the architect for any claim or damage arising out of the work that is caused in whole or in *part* by any negligent act or omission of the contractor. In this instance, the jury found the contractor negligent. The jury attributed 65% of the liability to the contractor, Reid Burton Construction Company. Therefore, the contractor was partially responsible for the resulting injury. Section 4.18.1 requires Reid Burton Construction to indemnify Bell-Gallyardt & Wells and Leslie Koss.

Section 4.18.3 prevents indemnification in certain instances. It provides:

§ 4.18.3. The obligations of the Contractor under this paragraph 4.18 shall not extend to the liability of the architect, his agents or employees arising out of (1) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or (2) the giving of or the failure to give directions or instructions by the architect, his agents or employees provided such giving or failure to give is the primary cause of the injury or damage.

This Court finds that the jury verdict as it relates to Bell-Gallyardt & Wells and Leslie Koss was based on the negligent preparation of drawings, designs or specifications. The entire tenor of the lawsuit against Bell-Gallyardt & Wells and Leslie Koss concerned improper designs, drawings and specifications. Reid Burton Construction Company's defense consisted of two parts: (1) that they did not commit any negligent act or omission; and (2) Bell-Gallyardt & Wells and Leslie Koss were negligent in the design, specification and drawings. The Court's instruction to the jury on the issue of Bell-Gallyardt & Wells' possible negligence were entirely fashioned around the question of whether the architectural drawings, specifications and designs were improper. Since the negligence of Bell-Gallyardt & Wells and Leslie Koss, found by the jury, arose out of the preparation or approval of drawings, change-orders, designs or specifications, the contractor's obligation does not extend to the 35% liability assessed Bell-Gallyardt & Wells and Leslie Koss. It appears to this Court that the intent of the parties to the contract was to forego any indemnification if the liability of the architect arose from the preparation of the drawings, designs and specifications. Therefore, Bell-Gallyardt & Wells and Leslie Koss' claim of indemnity is denied.

## III.

Curran V. Nielson has requested that this Court determine the issues of indemnity and contribution. Counsel for Reid Burton Construction has agreed on page 10 of his brief that if indemnity is denied, then Bell-Gallyardt & Wells and Leslie Koss' claim for the claim of Reid Burton Construction against Curran V. Nielson for indemnity must fail. In light of the fact that the jury found Curran V. Nielson free of any negligence and Reid Burton Construction Company is in agreement that there is no indemnity between Curran V. Nielson and Reid Burton Construction Company, this Court finds that Curran V. Nielson is not required to indemnify Reid Burton Construction Company.

## IV.

### COSTS

The clerk of courts will determine the amount of costs that should be awarded. If there is a problem after the clerk's determination, then this Court will look at any grievance over the amount. It is this Court's findings that the plaintiff's costs shall be assessed against Bell-Gallyardt & Wells and Leslie Koss and Reid Burton Construction. Bell-Gallyardt & Wells and Leslie Koss will pay 35% of the plaintiff's costs, while Reid Burton Construction Com-

pany shall pay 65% of such costs. The costs requested by Curran V. Nielson shall be assessed against the plaintiff, Bell-Gallyardt & Wells and Reid Burton Construction Company. One-third of Curran V. Nielson's costs shall be borne by the plaintiff. The remaining two-thirds shall be divided as follows: Reid Burton Construction, 65%; Bell-Gallyardt & Wells and Leslie Koss, 35%. The costs requested by Hammell-Green-Abrahamson, Inc. shall be equally assessed against the plaintiff and Reid Burton Construction Company.

The foregoing opinion shall constitute this Court's findings of fact and conclusions of law.