[No. A040988. First Dist., Div. Two. Apr. 17, 1989.]

KIRK HILLMAN, Cross-complainant and Appellant, v.
LELAND E. BURNS, INC., Cross-defendant and Respondent.

**COUNSEL**

Raymond M. Buddie, Christopher M. Dolan and Natkin & Weisbach for Cross-complainant and Appellant.

Dorothy L. Barth, A. Byrne Conley and Gibbons, Lees, Schaefer & Edrington for Cross-defendant and Respondent.

**OPINION**

**PETERSON, J.**—Cross-complainant Kirk Hillman appeals from the post-judgment orders denying his motion for entry of judgment on his cross-complaint and granting cross-defendant and respondent Leland E. Burns, Inc.'s motion to tax costs. We reverse.

### PROCEDURAL/FACTUAL BACKGROUND

We have adduced the following from the appellant's appendix submitted in lieu of the clerk's and reporter's transcripts: In 1982, defendant Wood-

bridge Preservation Group (owner), a California limited partnership, and respondent Leland E. Burns, Inc. (contractor), a licensed contractor, entered into an agreement for the construction of owner's project. The contract, a standard American Institute of Architects' short form construction agreement between owner and contractor, contained a clause requiring contractor to indemnify appellant Kirk Hillman (architect), as the architect, under certain circumstances "against all claims, damages, losses and expenses including attorneys' fees" attributable, inter alia, to death caused in whole or in part by the contractor's negligence.

Plaintiffs commenced a wrongful death action grounded in negligence against architect and others following a construction accident in which plaintiffs' decedent, an employee of the contractor, was killed. Architect, in turn, cross-complained, as here relevant, for indemnity against contractor, who was not named in the complaint. The cross-complaint alleged that contractor's negligence was responsible for the alleged wrongful death.

The jury returned a plaintiffs' verdict, finding owner's and contractor's negligence to be the legal cause of plaintiffs' injury and apportioning liability between the two at 40 and 60 percent, respectively. The jury specifically exonerated architect. Judgment was entered accordingly.

Architect subsequently moved for judgment on the cross-complaint and filed a memorandum of costs, seeking $69,715 in attorney fees from contractor based on the indemnification provision of the construction contract. Contractor moved to tax costs, asserting that the terms of the agreement barred architect from recovering attorney fees. The trial court determined that architect was a third party beneficiary under the contract, but was not entitled to attorney fees under its terms because the contract excluded indemnification for professional negligence. It accordingly denied architect's motion for entry of judgment on the cross-complaint and granted contractor's motion for an order taxing costs. This appeal followed.

DISCUSSION

I

Initially, contractor contends that the appeal is taken from a nonappealable order. However, as architect correctly points out in his reply brief, postjudgment orders have been expressly made appealable by statute. (Code Civ. Proc., § 904.1, subd. (b).)

Contractor further asserts that the appeal has been submitted to us on an inadequate record because architect did not provide a reporter's transcript of the proceedings. Specifically, contractor raises two points.

First, it argues that without a more complete record, the copy of the contract at issue contained in the architect's appendix cannot be verified in that it is not a trial exhibit. We call contractor's attention to the California Rules of Court, rule 5.1 (i)(1): "Filing an appendix constitutes a representation by counsel that the appendix consists of true and correct copies of the papers in the superior court file. Willful or grossly negligent filing of an appendix containing nonconforming copies is an unlawful interference with the proceedings of the reviewing court, and subjects the counsel filing the brief, and the party represented, to monetary and any other appropriate sanctions." As contractor does not contend that the copy of the contract included in the architect's appendix is nonconforming, we find its argument to be without merit.

Second, contractor, more by innuendo than by direct assertion, contends that the trial court's interpretation of the contract at issue was based on conflicting extrinsic evidence, requiring us to review its decision under the substantial evidence rule. Since we are precluded from so doing because of the absence of a reporter's transcript, contractor asserts that the appeal is fatally flawed and that the decision must be upheld.

However, under rule 52 of the California Rules of Court, this court must presume that the record on appeal "includes all matters material to a determination of the points on appeal" in the absence of augmentation proceedings. ■ The presumption is applicable to judgment roll appeals, and therefore by extension to appeals submitted on an appellant's appendix, where "the error claimed by appellant does appear on the face of the record." (*Dumas* v. *Stark* (1961) 56 Cal.2d 673, 674 [16 Cal.Rptr. 368, 365 P.2d 424]; see generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 271-273, pp. 280-284 and cases cited therein.)

■ Here, contractor did not request augmentation as provided by rule 5.1(j); and as will be hereinafter discussed, error appears on the face of the record. "Therefore, this court must presume that the interpretation of the contract did not turn upon the credibility of extrinsic evidence and was a question of law and, accordingly, this court is not bound by the determination of the trial court." (*LaCount* v. *Hensel Phelps Constr. Co.* (1978) 79 Cal.App.3d 754, 771 [145 Cal.Rptr. 244].)

## II

The principal issue before us is whether the trial court correctly construed the indemnification clause contained in the agreement between owner and contractor.

Article 10.10 of the construction agreement provides in relevant part: "The Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, . . . and (2) is caused in whole or in part by any negligent act or omission of the Contractor, . . . regardless of whether or not it is caused in part by a party indemnified hereunder. . . . The obligations of the Contractor under this Paragraph 10.10 shall not extend to the liability of the Architect, his agents or employees arising out of (1) the preparation or approval of maps, drawings, opinions, reports, surveys, Change Orders, designs or specifications, or (2) the giving of or the failure to give directions or instructions by the Architect, his agents or employees provided such giving or failure to give is the primary cause of the injury or damage."

In denying architect's motion for entry of judgment on the cross-complaint and granting contractor's motion to tax, the trial court stated: "The Court finds that Defendant Hillman was sued by Plaintiffs on the grounds of professional negligence and it is manifest from the evidence presented and arguments rendered that professional negligence was Plaintiffs' principal contention as to Defendant Hillman. The Court finds that the jury herein rendered a special verdict finding Defendant Hillman not to have been negligent. Said Defendant has been awarded costs as against the parties against whom he prevailed, to wit: Plaintiffs. The Court further finds that the Defendant Hillman was a beneficiary for indemnity under the contract between Defendant contractor Burns and owners Woodbridge. However, it is clear that the indemnity specifically by exclusion did not extend to any liability of said Defendant Hillman for professional negligence under Article 10.10 of said contract. Therefore, the Court hereby denies Cross-Complainant Kirk Hillman's Motion for judgment as against Cross-Defendant Leland Burns. Further, the Court hereby grants Cross-Defendant Leland Burns' Motion to tax costs as against Cross-Complainant Kirk Hillman." (Italics deleted.)

 Architect contends that the trial court erred as a matter of law by misconstruing and misapplying the indemnification clause. He argues that, under the clear and unambiguous language of the contract, he was entitled to indemnification for attorney fees because the fees were incurred as a result of contractor's negligent work performance that resulted in a death. He further asserts that the exclusion for professional negligence is limited to those situations where the architect is found to be liable. Here, architect argues, the trial court acknowledged the jury's verdict exonerating him

from all liability. Therefore the exclusionary clause is inapplicable, and the trial court's determination internally inconsistent.

Contractor essentially contends that the clause is ambiguous, arguing that we therefore are compelled to accept the trial court's interpretation because it is "very reasonable."

With respect to indemnity provisions, our state Supreme Court has held that, "the question whether an indemnity agreement covers a given case turns primarily on contractual interpretation, and it is the intent of the parties as expressed in the agreement that should control. When the parties knowingly bargain for the protection at issue, the protection should be afforded. This requires an inquiry into the circumstances of the damage or injury and the language of the contract; of necessity, each case will turn on its own facts." (*Rossmoor Sanitation, Inc.* v. *Pylon, Inc.* (1975) 13 Cal.3d 622, 633 [119 Cal.Rptr. 449, 532 P.2d 97].) Further, " 'An indemnity provision of a contract is to be construed under the same rules governing other contracts with a view of determining the actual intent of the parties.' " (*Gribaldo, Jacobs, Jones & Associates* v. *Agrippina Versicherunges A.G.* (1970) 3 Cal.3d 434, 442 [91 Cal.Rptr. 6, 476 P.2d 406], citation omitted.)

Accordingly, "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ." (Civ. Code, § 1639; *Leo F. Piazza Paving Co.* v. *Foundation Constructors, Inc.* (1981) 128 Cal.App.3d 583, 591 [177 Cal.Rptr. 268].) "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, § 1638.) And, "The determination of whether a written instrument is ambiguous is a question of law. [Citation.] As such, an appellate court independently reviews the instrument to determine whether there is an ambiguity." (*Colonial Ins. Co.* v. *Montoya* (1986) 184 Cal.App.3d 74, 82 [228 Cal.Rptr. 833]; *Ferrell* v. *Southern Nevada Off-Road Enthusiasts, Ltd.* (1983) 147 Cal.App.3d 309, 314 [195 Cal.Rptr. 90].)

Applying the above precepts, we find that the language of the indemnification clause is clear and unambiguous as a matter of law. Under the inclusionary portion of the clause, the contractor unequivocally has agreed to indemnify the architect for "all claims, damages, losses and expenses including attorneys' fees" caused solely or partially by the contractor's negligent work performance that results in death or injury. The jury in this case attributed 60 percent of owner's liability, arising out of or resulting from contractor's work performance under its contract with owner, to contractor. Architect incurred attorney fees, from or arising out of the same work performance of contractor, in defending the litigation generated there-

from. The inclusionary language of article 10.10 of the construction agreement accordingly clearly required contractor to indemnify architect.

The latter portion of the article 10.10 indemnity clause excludes indemnification for "the *liability* of the Architect" (italics added) resulting from his professional negligence. Although plaintiffs' principal *contention* against architect during trial may have been his professional negligence, the jury, as noted by the trial court, specifically found architect *not* to be liable. By the express language of the contract, the exclusionary provision therefore has not been triggered; and contractor remains bound to indemnify architect for the attorney fees incurred as a result of its negligence.

Our legal interpretation is consistent with the analysis of three reported out-of-state decisions which have considered identical language in construction indemnity agreements. In *Bartak* v. *Bell-Gallyardt & Wells, Inc.* (D.S.D. 1979) 473 F.Supp. 737, 739-740 (revd. on other grounds (8th Cir. 1980) 629 F.2d 523), the federal district court was required to construe an indemnity provision identical to the one before us. In *Bartak,* the trial court determined that the inclusionary portion of the indemnification provision was "clear and unequivocal"; it required the contractor therefore to indemnify the architects because the jury found the contractor to be 65 percent responsible for the injury. Turning to the exclusionary provision, however, the district court held "that the intent of the parties to the contract was to forego any indemnification if the *liability* of the architect arose from the preparation of the drawings, designs and specifications." (*Id*. at p. 740, italics added.) *Because the jury assessed the architects' liability* to plaintiffs at 35 percent, the court denied the architects' indemnity against the contractor, but assessed costs of others against architects consistent with their 35 percent liability to plaintiffs. (*Ibid.*) In other words, the architects were entitled to indemnification under this provision *unless* they were found liable. Similarly, in *Henningson, Durham & Richardson* v. *Swift Bros.* (8th Cir. 1984) 739 F.2d 1341, 1344, the Eighth Circuit indicated that "resulting liability" as found by the jury would bar indemnification under this language. And finally, in *McCarthy* v. *J. P. Cullen & Son Corp.* (Iowa 1972) 199 N.W.2d 362, 372-373, the Supreme Court of Iowa reached the same conclusion.

These cases interpret the language of the exclusion in issue here to indicate that it is a finding of liability, not merely a claim for negligence, which triggers the exclusion. Since the language in issue here is a standard provision in the industry, we believe that a consistent interpretation is appropriate.

Further, we note that an action for damages arising from the professional services of an architect rarely excludes *claims* of professional negligence. If

we accept contractor's argument, that the indemnity provisions of the contract excluded all actions against the architect based on professional negligence claims regardless of the architect's *liability* therefor, we would essentially eliminate any scope for the indemnity agreement. It would be inapplicable if the standard claim of an architect's professional negligence was made and never resulted in establishment of the architect's liability. That result would violate the fundamental rule of construction that a contract must be interpreted so as to render it operative, reasonable, and capable of being effectuated. (Civ. Code, § 1643; *Morton Thiokol, Inc.* v. *Metal Building Alteration Co.* (1987) 193 Cal.App.3d 1025, 1030 [238 Cal.Rptr. 722].)

Contractor also argues that there is no duty to *defend* under the indemnity agreement because the claim against the architect here is for a liability which would not be covered, and "there is no duty to defend *non*-covered claims, which cannot result in a payment triggering indemnity." We reject this argument because it also would lead to an absurd result, which is to be avoided in the interpretation of the contract. Under contractor's theory, an architect would have to pay his own legal fees in essentially every action in which the architect and the contractor are both named as defendants. The contract shows by its clear language that it is intended to protect the architect from becoming embroiled in disputes between the general contractor and its employees, except where the negligence of the architect, as measured by a finding of liability not by a claim of negligence, may be established. (See, e.g., *Eastern Airlines* v. *Insurance Co. of North America* (3d Cir. 1985) 758 F.2d 132, 134-135 and fn. 2 [analyzing various contractual indemnity clauses and reported decisions in light of the commercial realities involved, the background of state law providing exclusive remedies against an employer for its employees' injuries, and "the primary circumstances for which indemnity was intended"]; see also 3 Stein, Construction Law (1st ed. 1986) § 13.17, p. 13-129 [analyzing the purpose and history of the indemnity language in issue here].)

Further, under Civil Code section 2778, "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: [¶] . . . [¶] 3. An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims . . . ." No contrary intention appears from the contractual language under review; rather it appears that indemnification shall include "all claims, damages, losses and expenses including attorneys' fees" unless liability is established against the architect for his professional negligence. (See *Davis* v. *Air Technical Industries, Inc.* (1978) 22 Cal.3d 1, 6, fn. 6 [148 Cal.Rptr. 419, 582 P.2d 1010] ["Where one party has agreed to indemnify the other against liability, Civil Code section 2778, subdivisions 3 and 4 require the indemnitor to defend the indemnitee or pay the cost of the

indemnitee's defense."]; *DeWitt* v. *Western Pacific R. Co.* (9th Cir. 1983) 719 F.2d 1448, 1453 ["Thus, [under 2778, subd. 3] costs, expenses and attorney's fees paid in defense of the claim are included within the amount that must be indemnified."].)

Accordingly we conclude that, in the circumstances of this case, the architect was entitled, as a matter of law, to indemnification from the contractor for attorney fees under the agreement between the owner and the contractor.

On remand, however, we draw the trial court's attention to subsivision 2 of Civil Code section 2778, which provides in pertinent part: "[U]nless a contrary intention appears: [¶] . . . [¶] 2. Upon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof." As construed by the state's high court, "an indemnitor is not liable for a claim made against the indemnitee until the indemnitee suffers actual loss by being compelled to pay the claim." (*Gribaldo, Jacobs, Jones, & Associates* v. *Agrippina Versicherunges A.G., supra,* 3 Cal.3d at p. 447.)

As we discern from the contract no intention contrary to section 2778, the trial court is instructed to apply its provisions in determining any award of reasonable attorney fees.

■ Finally, architect argues that the indemnification provision also entitles him to attorney fees on appeal. There is a split of authority on this issue. One line of cases seems to hold that, under an indemnity agreement, a party who succeeds in enforcing his claim for indemnity on an appeal such as this one may be entitled to his attorney fees. (See *Schackman* v. *Universal Pictures Co.* (1967) 255 Cal.App.2d 857, 863 [63 Cal.Rptr. 607] [remanding claim for attorney fees on appeal to trial court without substantive discussion of issue]; *Nicholson-Brown, Inc.* v. *City of San Jose* (1976) 62 Cal.App.3d 526, 537 [133 Cal.Rptr. 159], disapproved on other grounds by *Bullis* v. *Security Pacific National Bank* (1978) 21 Cal.3d 801, 815, fn. 18 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642] [remanding claim for attorney fees also without substantive discussion, citing *Schackman*]; *DeWitt* v. *Western Pacific R. Co.,supra,* 719 F.2d at p. 1453 [noting split in authority, but following *Schackman* and *Nicholson-Brown*].)

Another line of authority refuses to follow *Schackman*, and holds that there is no right to attorney fees on an appeal establishing the right to indemnity, unless the indemnity agreement specifically includes an attorney fees provision for a prevailing party in actions under the agreement. (*County of San Joaquin* v. *Stockton Swim Club* (1974) 42 Cal.App.3d 968, 974 [117

Cal.Rptr. 300] ["The allowance was made in the *Schackman* case without any discussion. We prefer to follow the general rule that the defendant in a contract suit is not liable for his opponent's attorney fees unless the contract expressly provides for it."].)

This court (Div. Two) has followed the latter rule. (*Pacific Tel. & Tel. Co. v. Chick* (1962) 202 Cal.App.2d 708, 719 [21 Cal.Rptr. 326] ["Pacific requests in its brief that this Court direct the lower court to order additional attorney fees for services on this appeal. However, the indemnity clause only requires Underground to pay the expense of defending actions brought by third persons against Pacific. It does not provide for any attorney fees to be awarded in any action between the parties based upon the indemnity agreement."].) With all due respect to those courts which have disagreed, we believe that this is the proper rule. An attorney fees provision would have been the proper subject for negotiation between the parties and possible inclusion in the indemnity agreement; but we decline to add, in the guise of interpretation, a provision which is not there. We, therefore, reject architect's request for fees on this appeal.

### DISPOSITION

The order denying entry of judgment on appellant Kirk Hillman's cross-complaint against respondent Leland Burns, Inc., and granting respondent Burns's motion to tax cost is reversed. The matter is remanded to the trial court with directions to enter judgment on the cross-complaint in favor of appellant, and to award appellant reasonable attorney fees consistent with the views expressed in this opinion.

Kline, P. J., and Smith, J., concurred.