Filed 8/19/14  Velazquez v. Dubrova CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RAUL VELAZQUEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ALEKSANDRA DUBROVA,<br><br>    Defendant and Respondent. | B246252<br><br>(Los Angeles County<br> Super. Ct. No. SC110253) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed.

Knickerbocker Law Group and Richard L. Knickerbocker for Plaintiff and Appellant.

Michael P. Rubin & Associates, Michael P. Rubin and Stephanie Silva for Defendant and Respondent.

Plaintiff and appellant Raul Velazquez filed suit against defendant and respondent Aleksandra Dubrova, alleging a one-half interest in a condominium where appellant and respondent had been cohabitants.  Following a bench trial, the trial court entered judgment in favor of respondent.  Appellant has elected to proceed without a record of the oral proceedings in the trial court, a procedure known as a judgment roll appeal.  (See Cal. Rules of Court, rule 8.121(b)(1)(C); *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324; *Hillman v. Leland E. Burns, Inc.* (1989) 209 Cal.App.3d 860, 864.)  In a judgment roll appeal, "'unless error appears on the face of the record, all intendments will be in support of the judgment.  [Citation.]'  [Citation.]" (*Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 429, fn. 11 (*Schwartz*).)  We find no error and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and respondent cohabited until late 2002.  In November 2010, appellant filed a complaint against respondent, seeking quiet title and partition of the condominium at issue.  Appellant alleged that he and respondent cohabited in New York from 1996 to 1998 and then agreed to move together to California.  He alleged that they agreed to purchase the condominium in 2002 and that the property was placed in respondent's name to help obtain financing and to allow her to take tax deductions.  According to appellant, they agreed that if they ever decided to sell the property, respondent would execute documents to indicate their co-ownership.

In November 2002, respondent moved to Italy.  Appellant alleged that thereafter, he made the mortgage payments directly to the lender and paid the insurance premiums to the insurance company.  He further alleged that in July 2009, he asked respondent to agree to sell the property and split the proceeds, and

2

she agreed. After they agreed on a listing price of $650,000, appellant made upgrades to the property to increase its value. The parties stipulated to the fact that respondent refused to accept an offer of $605,000, which was received after the property had been on the market for 10 weeks.

Appellant filed his complaint on November 8, 2010, and respondent answered and filed a cross complaint. Respondent filed a motion for judgment on the pleadings, which the trial court denied. Following a bench trial, the court entered judgment in favor of respondent.

## DISCUSSION

Appellant raises three contentions on appeal. However, appellant has failed to provide a record sufficient to review his contentions. "'[Appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).) We therefore affirm.

Appellant's first contention is that the trial court erred in granting respondent relief in the form of right to possession or "in lieu rent" in the judgment because these issues were not raised by the parties. Appellant has failed to provide a copy of the judgment in the appellate record.[1]

California Rules of Court, rule 8.124(b)(1)(A) requires an appellant's appendix to contain "[a]ll items required by rule 8.122(b)(1), showing the dates

---

[1] Despite appellant's assertion in his reply brief that the judgment is attached as an exhibit to the Notice of Judgment, there is no such exhibit. The Notice of Judgment, found at Tab 26, begins at page 164 of the appendix and skips to page 169. Page 167, which appellant contends is the judgment, is not in the appendix.

required by rule 8.122(b)(2)." Rule 8.122(b)(1) includes the requirement that the appellant provide "[a]ny judgment appealed from and any notice of its entry." (Cal. Rules of Court, rule 8.122(b)(1)(B).) Appellant's failure to include a copy of the judgment precludes a determination in his favor. (See *Defend Bayview Hunters Point Com. v. City and County of San Francisco* (2008) 167 Cal.App.4th 846, 859-860 ["Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant."].)

Appellant also contends that the trial court erred in its interpretation of what appellant describes as written documents memorializing the agreement between the parties. Although the emails cited by appellant raise some questions about the parties' agreement regarding the ownership of the property, they are insufficient to memorialize an agreement. Moreover, as stated above, appellant's appendix does not contain the judgment appealed from. Without a reporter's transcript to show the evidence that was presented at trial and without the judgment, we are limited to determining whether error appears on the face of the record. (*Schwartz*, *supra*, 164 Cal.App.4th at p. 429, fn. 11.) We find no error.

Appellant's final contention is that the trial court erred in ruling in respondent's favor on his claim under *Marvin v. Marvin* (1976) 18 Cal.3d 660.[2] He argues that Judge Horn found in his favor on the *Marvin* claim in an order denying respondent's motion for judgment on the pleadings. Not only has appellant failed to provide an adequate record to address this issue, but he incorrectly states that Judge Horn found in his favor on his *Marvin* claim.

---

[2]    *Marvin* was the seminal California Supreme Court case addressing "the property rights of nonmarital partners when their relationship terminated." (*Norman v. Unemployment Ins. Appeals Bd.* (1983) 34 Cal.3d 1, 6.)

4

Judge Horn's decision denying respondent's motion for judgment on the pleadings did not constitute a finding that appellant prevailed on his *Marvin* claim. Instead, the decision merely found that the complaint alleged facts sufficient to survive respondent's statute of limitations arguments in a motion that the court described as the equivalent of a demurrer. A finding that a complaint alleges facts sufficient to survive a demurrer is not the same as a decision on the merits. (See *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1417, fn. 15 ["The conclusion that the Complaint was sufficient to survive demurrer is, of course, not an expression of an opinion regarding the merits of plaintiffs' claims."].)

Appellant relies on *Chodos v. Cole* (2012) 210 Cal.App.4th 692 (*Chodos*) to argue that he was not required to provide a reporter's transcript and that our review should be de novo. However, *Chodos* is distinguishable. The issue in that case was whether the appellant's cross-complaint involved activity protected by the anti-SLAPP statute.[3] (*Id.* at p. 699.) The appellate court held that the appellant was not required to provide a reporter's transcript of the argument before the trial court on the issue because the issue was subject to de novo review; the trial court stated that it relied only on the papers submitted; and, on appeal, none of the parties relied on "anything that occurred during that argument." (*Id.* at p. 696.)

In *Chodos*, there was "no indication that witnesses testified or evidentiary issues arose at the hearing." (*Chodos*, *supra*, 210 Cal.App.4th at p. 699.) Instead, the trial court heard argument and granted the anti-SLAPP motion. In *Chodos*, therefore, only legal issues were decided at the hearing. The transcript of the hearing accordingly was not required on appeal.

---

[3] "SLAPP" stands for strategic lawsuit against public participation. (See Code Civ. Proc., § 425.16.)

Here, by contrast, the issue whether the parties agreed to co-ownership of the property is a highly factual issue. Unlike *Chodos*, where the parties on appeal did not rely on any aspect of the hearing, appellant's argument on appeal is completely dependent on the events that transpired at trial. Nonetheless, rather than provide the record setting forth the evidence presented at trial, appellant sets forth in his brief what he calls a summary of key trial testimony. This is unacceptable. (See Cal. Rules of Court, rule 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (a) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."].)

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.] [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. . . .' [Citation.]" (*Foust*, *supra*, 198 Cal.App.4th at pp. 186-187.) Appellant's failure to provide an adequate record precludes a determination in his favor.[4]

---

[4] We decline to address appellant's argument, raised for the first time in his reply brief, that the trial court erred in failing to submit a statement of decision. (See *William Jefferson & Co., Inc. v. Assessment Appeals Board* (2014) 228 Cal.App.4th 1, 15 [argument forfeited if not raised in opening brief]; *Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213 Cal.App.4th 1277, 1292, fn. 6 ["[a]rguments presented for the first time in an appellant's reply brief are considered waived"].)

**DISPOSITION**

The judgment is affirmed.  Respondent is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

7