[S. F. No. 21715. In Bank. Oct. 15, 1964.]

GEORGE WETTSTEIN et al., Plaintiffs, Cross-defendants and Appellants, v. ANNA CAMETO, Defendant, Cross-complainant and Respondent.

Hagar, Crosby & Rosson and Justin M. Roach, Jr., for Plaintiffs, Cross-defendants and Appellants.

Nathan Goldwater and John F. Balaam for Defendant, Cross-complainant and Respondent.

PETERS, J.—Plaintiffs appeal from the order denying their motion to set aside a default and default judgment entered in favor of defendant on her cross-complaint after plaintiffs had failed to file an answer to the cross-complaint. Plaintiffs contend that the challenged pleading was, in fact, a counterclaim, and correctly point out that no answer need be filed to a counterclaim. Based on this premise, it is urged that the trial court was without jurisdiction to enter the default judgment, and that such judgment was, therefore, void.　　It is our opinion that where a pleading, as here, qualifies as both a counterclaim and a cross-complaint it should be classified as one or the other in such manner as

best serves the interests of justice. In the instant case the determination of the trial court that the interests of justice require that the pleading be treated as a cross-complaint is not only supported but almost compelled by the record.

The facts giving rise to this controversy are as follows: In response to a complaint for money had and received in the amount of $5,000, defendant filed and served, on January 18, 1960, a pleading labeled "Answer and Cross-Complaint." After denials, it stated, "And for a further, separate and distinct answer to plaintiffs' complaint and by way of cross-complaint, defendant Anna Cameto complains of plaintiffs and alleges" a cause of action arising out of plaintiffs' claimed breach of a lease. It was alleged that plaintiffs leased a foundry from defendant for a five-year term, that plaintiffs had deposited $5,000 as security for performance and for any damage beyond reasonable wear and tear, and that plaintiffs had failed to maintain the premises and personalty thereon. Defendant sought recovery of sums expended for repairs and restoration, loss of rental, and attorney fees, less the $5,000 deposit which was the subject of the complaint. On numerous occasions, in person, by telephone and by letter, defendant's counsel requested the then counsel for plaintiffs to file an answer to the cross-complaint. Plaintiffs' counsel promised to do so, but the answer was never filed. Counsel for both parties at all times referred to and considered the pleading as a cross-complaint. On June 29, 1961, a year and a half after the answer and cross-complaint was filed, plaintiffs' default was entered. On July 12, 1962, yet another year later, default judgment was entered, after defendant presented proof to the court. Judgment was in the amount of $10,290.35 damages, less the $5,000 deposit, with attorney fees and costs. A writ of execution was issued on August 24, 1962, and was returned fully satisfied. Thereafter, plaintiffs retained different counsel. On November 28, 1962, 17 months after entry of default and 3 months after the judgment had been fully satisfied, plaintiffs moved to set aside the default and judgment, on the ground that they were void. The motion was denied, as was plaintiffs' subsequent motion to vacate the order of denial.

A judgment void on its face is subject to collateral attack at any time. (*Craft* v. *Craft*, 49 Cal.2d 189, 192 [316 P.2d 345]; *Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18].) But the judgment here is not subject to attack on this ground.

This court has heretofore noted that, "there is a very shadowy line of distinction between a cross-complaint and a counterclaim and a considerable area in which they overlap." (*Schrader* v. *Neville,* 34 Cal.2d 112, 114 [207 P.2d 1057].) Many cases have analyzed the nature of these pleadings and the distinction between them is relevant for several purposes. (See 2 Chadbourn, Grossman, Van Alstyne, California Pleading, § 1712, p. 670; *Counterclaims, Cross-Complaints, and Confusion,* 3 Stan.L.Rev. 99, 100-104.)

In the instant case, defendant's pleading satisfies the requirements of both sections 438[1] and 442[2] of the Code of Civil Procedure. As a cross-complaint, it calls for the filing of a responsive pleading. (Code Civ. Proc., § 442.) As a counterclaim, it requires no answer because its allegations are deemed controverted without further pleading. (Code Civ. Proc., § 462.) No problem is presented by the fact that defendant sought to recover damages in an amount exceeding that demanded in the complaint. (Code Civ. Proc., § 666.)

Since defendant's claim could have been pleaded as either a counterclaim or a cross-complaint, the court "may, in its discretion, treat it as either to the end that substantial justice may be done." (*Schrader* v. *Neville, supra,* 34 Cal.2d 112, 114; 2 Witkin, Cal. Procedure, §§ 570, 571, pp. 1575-1577.)

---

[1]Section 438 of the Code of Civil Procedure provides:

"The counterclaim mentioned in section 437 must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action; *provided,* that the right to maintain a counterclaim shall not be affected by the fact that either plaintiff's or defendant's claim is secured by mortgage or otherwise, nor by the fact that the action is brought, or the counterclaim maintained, for the foreclosure of such security; *and provided further,* that the court may, in its discretion, order the counterclaim to be tried separately from the claim of the plaintiff."

[2]Section 442 of the Code of Civil Procedure provides:

"Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto, or file a notice of motion to strike the whole or any part thereof, as to the original complaint. If any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action."

The rule of characterization so as to achieve substantial justice will, in default cases, generally lead to the classification of the pleading as a counterclaim if it qualifies as such, because this will result in relief from default, a result generally favored in the law. (*Taliaferro* v. *Taliaferro,* 154 Cal.App.2d 495, 499 [316 P.2d 393].) Such classification carries out the very important policy in favor of litigation of the merits of a controversy and will usually serve to prevent one party from taking advantage of the other. (See *Lynch* v. *Betts,* 198 Cal.App.2d 755, 758 [18 Cal.Rptr. 345]; *Hover* v. *MacKenzie,* 122 Cal.App.2d 852, 856 [266 P.2d 60].) Other factors that should be considered include the policy favoring the finality of judgments, the diligence of the party attacking the judgment, any change of position in reliance on the judgment, whether or not a party was misled by the form or wording of the pleading, and whether both parties classified the pleading in the same manner.

In the instant case the pleading was clearly denominated a cross-complaint both in its title and in its body. Counsel for both parties understood the pleading to be a cross-complaint and treated it as such. (See *Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 393 [217 P.2d 968].) The judgment has been fully paid, and presumably the defendant has changed her position in reliance thereon. There was no sharp practice on the part of defendant or her counsel. On the contrary, repeated requests were made of the then counsel for plaintiffs that he file an answer, and he assured defendant that he would do so. Substantial periods of time were allowed to elapse before default was taken and before judgment was entered. Under the circumstances of this case, it would be most unjust to extricate plaintiffs from the position in which they now find themselves at the expense of this defendant. Therefore, the classification of the pleading as a cross-complaint is in accord with the interests of justice, and the order denying the motion to set aside the default and default judgment should be affirmed.

The order appealed from is affirmed.

Traynor, C. J., Tobriner, J., Peek, J., Mosk, J., and Schauer, J.,* concurred.

McComb, J., concurred in the judgment.

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.