Opinion
 

 LILLIE, P. J.
 

 AIL Systems, Inc. (AIL) appeals from that part of a judgment determining that Building Maintenance Service Company (BMS) was the prevailing party on AIL’s cross-complaint and awarding costs and attorney’s fees to BMS in the amount of $366,796.93. The principal issues on appeal are (1) whether BMS is a prevailing party under Code of Civil Procedure section 1032, and (2) whether BMS is entitled to attorney’s fees and costs under the provisions of Civil Code section 1717.
 

 Factual and Procedural Background
 

 The underlying action arose out of a slip and fall by plaintiff Barbara Hiott on the premises of her employer, AIL; Hiott claimed that the floor was negligently maintained. AIL had contracted with BMS to provide janitorial services. Hiott sued BMS for negligence on December 26, 1990. BMS brought AIL into the action as a party on August 27, 1991, when BMS filed a cross-complaint against AIL for indemnity, contribution and declaratory relief.
 

 On February 6, 1992, AIL filed a cross-complaint against BMS for reimbursement of over $300,000 in workers’ compensation benefits paid to
 
 *1019
 
 Hiott, and for indemnity and declaratory relief. AIL’s indemnity claim was based in part on paragraph 13 of its contract with BMS which contained an indemnity provision pursuant to which BMS was to indemnify AIL under circumstances set out therein. AIL also sought to recover its costs and fees to defend BMS’s cross-complaint.
 

 In August 1992, the trial court granted summary adjudication of issues in AIL’s favor on BMS’s claims for contribution and indemnity, comprising two of the three causes of action of BMS’s cross-complaint against AIL. The court determined that these two claims were statutorily barred by Labor Code section 3864, a ruling which BMS does not dispute.
 

 About January 21, 1993, AIL also filed a complaint in intervention under Labor Code section 3852, seeking from BMS reimbursement for Hiott’s workers’ compensation benefits.
 

 In February and March 1995, Hiott’s personal injury claim was tried to a jury; AIL’s indemnity claim was tried to the court. The jury returned a verdict in favor of BMS on Hiott’s negligence claim, finding that BMS was not negligent. Thereafter, the court issued an order that AIL take nothing on its cross-complaint against BMS.
 

 On April 27, 1995, BMS filed a memorandum of costs seeking a total of $367,446.93 in costs, which included attorney’s fees of $338,509.00. BMS also filed a motion to determine the prevailing party and to fix the amount of attorney’s fees awardable as costs. BMS maintained that it was the prevailing party on AIL’s cross-complaint and entitled to attorney’s fees based upon an attorney fee provision in its written contract with AIL, pursuant to Civil Code section 1717. AIL opposed the motion on numerous grounds, including the ground that AIL, and not BMS, was the prevailing party and in any event, the indemnity obligation owed by BMS under the contract does not constitute an attorney’s fee provision within the meaning of Civil Code section 1717.
 
 [1]
 
 AIL also filed a motion to tax costs.
 

 After hearing on the motion to determine prevailing party on May 17, 1995, the court took the matter under submission and on May 22, 1995,
 
 *1020
 
 issued an order determining that BMS was the prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4)
 
 [2]
 
 and Civil Code section 1717, subdivision (b), and that AIL was obligated to pay costs and attorney’s fees pursuant to Civil Code section 1717 and Code of Civil Procedure section 1021 pursuant to paragraph 13 of the written contract. On June 29, 1995, the court heard the motion to tax costs and took the matter under submission; on July 11, 1995, the court issued an order taxing $650 in court reporter fees, but allowing the remaining costs and fees in the sum of $366,796.93.
 

 The foregoing orders were later incorporated into an October 30, 1995, final judgment, which provided in pertinent part: “2. As to the claims for indemnity brought by [AIL] against BMS, this Final Judgment incorporates the judgment [on special verdict] entered in this matter on April 6, 1995. As to this part of the judgment, costs and attorney’s fees are awarded to BMS in the amount of $366,796.93 as reflected in the order dated July 11, 1995, granting in part and denying in substantial part the motion to tax costs filed by AIL. [*]□ 3. As to the claims for contribution, indemnity, and declaratory relief brought by BMS against AIL, Judgment is entered in favor of AIL on the claims for contribution and indemnity as reflected in the order granting summary judgment dated August 3,1992. The Court, having determined that BMS was the prevailing party on AIL’s cross-complaint (see paragraph 2, above), denies any costs or attorney’s fees to AIL.’’
 
 [3]
 

 AIL filed timely notice of appeal from the final judgment. On this appeal, appellant challenges only those parts of the judgment awarding BMS attorney’s fees and costs against AIL and denying AIL indemnity for the costs
 
 *1021
 
 and expenses AIL incurred to defeat BMS’s cross-complaint. We first discuss the issue of whether the trial court correctly determined BMS was a prevailing party under Code of Civil Procedure section 1032. Even if BMS is a prevailing party for purposes of section 1032, such result is not determinative of the issue of whether BMS is also entitled to attorney’s fees and costs under Civil Code section 1717. (See
 
 Heather Farms Homeowners Assn.
 
 v.
 
 Robinson
 
 (1994) 21 Cal.App.4th 1568, 1572 [26 Cal.Rptr.2d 758].) Accordingly, the following discussion of the issue of costs under Code of Civil Procedure section 1032 is not intended to embrace the issue of attorney’s fees.
 

 I
 

 BMS Is the Prevailing Party Under Code of Civil Procedure Section 1032 as to the Complaint in Intervention
 

 A.
 
 AIL Has Not Established It Is Entitled to Indemnity From BMS.
 

 As a preliminary matter, we find without merit appellant AIL’s contention that it, and not BMS, is entitled to the status of prevailing party because the trial court erred in denying AIL relief on its cross-complaint for express contractual indemnity. Appellant argues that under the terms of the indemnity provision of the contract, it was entitled “to recover the attorney’s fees and expenses it incurred
 
 to defeat BMS’s cross-complaint.”
 
 However, appellant fails to establish that any of the contractual prerequisites for such indemnification exist or were established in the litigation below, which determined that BMS was not negligent.
 

 “California courts have developed certain principles of interpretation applicable specifically to indemnity agreements. [Citation.] One of those long-established principles provides that ‘[a]n indemnity clause phrased in general terms [e.g., one which does not mention the effect of the indemnitee’s negligence] will not be interpreted ... to provide indemnity for consequences resulting from the indemnitee’s own actively negligent acts.’ [Citation.] The original rationale underlying this rule was that because an agreement for indemnification against one’s own negligence is not favored and is an exception to the general rule, an agreement to indemnify an actively negligent indemnitee will not be implied in the absence of express and explicit language.”
 
 (Maryland Casualty Co.
 
 v.
 
 Bailey & Sons, Inc.
 
 (1995) 35 Cal.App.4th 856, 866 [41 Cal.Rptr.2d 519].) Inasmuch as the indemnity provision of the parties’ contract was apparently construed by the trial court without the aid of extrinsic evidence, and inasmuch as none is cited by the parties’ briefs, the interpretation of the provision is a question of law on appeal.
 
 (Id.,
 
 at p. 868.)
 

 
 *1022
 
 Paragraph 13 of the parties’ written contract, titled “Indemnification,” provides in pertinent part: “Seller [BMS] further agrees to indemnify and save Buyer [AIL] harmless from any and all losses, liabilities, damages, claims, demands, suits, actions, proceedings, subrogations and expenses including court costs and reasonable attorney’s fees, related in any way to this Order, or the services performed or goods delivered under this Order, except for goods manufactured entirely to Buyer’s specifications, which are claimed or made by any person, firm, association or corporation, including employees, workmen, servants or agents of the Seller and his subcontractors arising from any cause or for any reason whatsoever. Seller further agrees, upon receipt of notification, to promptly assume full responsibility for the defense of any and all such suits, actions, or proceedings which may be brought against Seller or against Buyer. ... If Seller’s work under this Order involves operations by Seller outside of Seller’s premises, Seller shall take all necessary precautions to prevent the occurrence of damage to persons or property during the progress of such work and shall indemnify Buyer against all loss whatsoever, including attorney’s fees, which may result in any way from any act of omission or commission on the part of Seller, its agents, employees or subcontractors, except to the extent that any such damage is due solely and directly to the negligence of Buyer. The Seller will further indemnify and save harmless Buyer, its officers, employees, agents and representatives from and against any and all demands of every nature and kind (including attorney’s fees resulting therefrom) due to any damage to property or injury to or death of any third party, including any subcontractor, employee, agent, representative or invitee of Buyer or of any subcontractor of Seller while in, on or near the premises of the Buyer caused by the act or omission of Seller or its agents.”
 

 BMS’s cross-complaint alleged negligence on the part of AIL, and BMS sought equitable indemnity and contribution from AIL. Nothing in paragraph 13 of the parties’ contract expressly obligates BMS to indemnify AIL for AEL’s own negligence, or precludes BMS from seeking equitable indemnification from AIL for AIL’s own negligence. The last two sentences set out above from paragraph 13 specifically afford AIL indemnification only for BMS’s “acts of omission or commission,” or an “act or omission” of BMS. As BMS was found not negligent, these provisions are not pertinent. The language pertaining to “services performed or goods delivered under this Order” in the first sentence of paragraph 13 only reasonably can be interpreted to refer to acts of BMS, not acts of AIL, because AIL was not performing any services for BMS under the contract. Accordingly, under principles set out in
 
 Maryland Casualty,
 
 we conclude that there is no express or explicit language in paragraph 13 which affords AIL indemnification for the expenses it incurred in defending BMS’s cross-complaint.
 

 
 *1023
 
 Although AIL cites Civil Code section 2778, subdivision 3, and several cases, to support its contention, none of the authorities cited by AIL support its interpretation of the specific contractual language at issue herein.
 
 [4]
 
 The case of
 
 Continental Heller Corp.
 
 v.
 
 Amtech Mechanical Services, Inc.
 
 (1997) 53 Cal.App.4th 500 [61 Cal.Rptr.2d 668], also does not support appellant’s proposition that the first sentence of paragraph 13 affords it indemnity on BMS’s cross-complaint, as the facts and contractual language at issue therein are distinguishable from those in
 
 Continental Heller.
 

 
 *1024
 
 In that case, Continental Heller, a general contractor, paid $20,000 to settle claims against it arising out of an explosion caused by a defective valve installed by Amtech, a subcontractor, in a refrigeration system at Oscar Meyer, where several Oscar Meyer employees were injured. Even though Amtech was found not to be at fault for the explosion, Continental was awarded from Amtech, under the indemnity provisions of its contract, the $20,000 it paid to settle the claims against it, plus costs for defending those claims because the contract provided Amtech was to indemnify Continental Heller for a loss which “
 
 ‘arises out of or is in any way connected
 
 with the performance of work under this Subcontract.’ ” (53 Cal.App.4th at p. 505.) “Amtech does not deny its installation of the valve in the refrigeration plant was ‘an act’ carried out in ‘the performance of work under [the] Subcontract.’ Nor does it deny the loss suffered by Continental was ‘in any way connected’ with that act. Therefore, under the contract as written, Continental is entitled to indemnity from Amtech for its losses.”
 
 (Ibid.)
 
 Pursuant to another attorney’s fee provision which expressly included fees incurred for breach of the contract, Continental was also awarded costs incurred in prosecuting its contractual indemnity action against Amtech.
 

 In the instant case, AIL fails to establish how its costs in defending BMS’s cross-complaint constitute losses or claims within the language of paragraph 13 of the parties’ contract. The first sentence of paragraph 13 provides for indemnification for losses and claims “related in any way to this Order, or the services performed or goods delivered under this Order . . .
 
 which are claimed or made by
 
 any person, firm, association or corporation, including employees, workmen, servants or agents of the Seller and his subcontractors arising from any cause or for any reason whatsoever.” (Italics added.) BMS does not fall within the class of those claimants covered by the first sentence of paragraph 13, which does not contemplate BMS itself as a claimant. If BMS is deemed to fall within the “any person” language of the paragraph, then the legal effect would be that BMS would be waiving its right to seek equitable indemnity and contribution from AIL; however, this proposition is not supported by any language in paragraph 13. Thus, the first sentence of paragraph 13 cannot reasonably be interpreted to apply to BMS’s own cross-complaint against AIL for equitable indemnity. In contrast, in
 
 Continental Heller,
 
 Continental was afforded indemnity for settlement costs and attorney’s fees it had incurred in defending itself against claims made by injured third parties. For all of the foregoing reasons,
 
 Continental Heller
 
 is distinguishable from the instant case and does not support appellant’s contention that it is entitled to indemnity for its attorney’s fees in defending BMS’s cross-complaint.
 

 We thus conclude that appellant has failed to establish that the trial court erred in denying it indemnity under the written contract with BMS.
 

 
 *1025
 
 B.
 
 BMS Is a Prevailing Party Under Code of Civil Procedure Section 1032.
 

 Appellant contends that the trial court erred as a matter of law in concluding that BMS was the prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4), because case law has established that a defendant who loses on its own cross-complaint, but prevails on the cross-defendant’s cross-complaint is not a “prevailing party” within the meaning of the statute.
 

 As is more fully explained below, we would agree that BMS would not be entitled to costs as a matter of right by virtue of the dispositions as to the parties’ cross-complaints; however, because BMS successfully defeated the complaint in intervention of AIL, BMS is a prevailing party as to the complaint in intervention under Code of Civil Procedure section 1032, even though BMS did not recover on its own cross-complaint.
 

 Code of Civil Procedure section 1032, as rewritten in 1986, “now declares that costs are available as ‘a matter of right’ when the prevailing party is within one of the four categories designated by statute. (§ 1032, subds. (a)(4), (b).) The allowance of costs as a matter of right no longer depends on the character of the action involved but on how the prevailing party is determined. [Citations.] The statute defines the prevailing party to include four categories of parties: the party with a net monetary recovery, the defendant in whose favor a dismissal was entered, the defendant where neither plaintiff nor defendant recovers any relief, and the defendant against whom plaintiff has not recovered any relief. (§ 1032, subd. (a)(4).) In other situations or when a party recovers other than
 
 monetary
 
 relief, the prevailing party is determined by the court, and the award of costs is within the court’s discretion. [Citations.]”
 
 (Michell
 
 v.
 
 Olick
 
 (1996) 49 Cal.App.4th 1194, 1197-1198 [57 Cal.Rptr.2d 227].) “Where the prevailing party is one not specified, Code of Civil Procedure section 1032, subdivision (a)(4) permits the trial court to determine the prevailing party and then allow costs or not, or to apportion costs, in its discretion. . . . This portion of the statute does not require the trial court to award costs to the prevailing party ‘as a matter of right.’ (Code Civ. Proc., § 1032, subd. (b).)”
 
 (Texas Commerce Bank
 
 v.
 
 Garamendi
 
 (1994) 28 Cal.App.4th 1234, 1248-1249 [34 Cal.Rptr.2d 155], fn. omitted.)
 

 It has been held that a defendant who defeats the plaintiff’s claim on a complaint, but who recovers nothing on his cross-complaint against the plaintiff, is nevertheless a prevailing party entitled to its costs. “By filing the
 
 *1026
 
 complaint the Schraders [plaintiffs] commenced litigation concerning the liabilities of the respective parties for the injuries sustained as a result of the accident. Although the Nevilles [defendants] might not have sued to recover damages, when made defendants in the action, they were compelled to assert any claim which they might have had against the Schraders arising out of the collision. [Citation.] Having defeated the claim of the Schraders . . . appellants are entitled to their costs for ‘a party who defeats an action by a counterclaim is as much entitled to his costs as is a party who defeats it by any other means. In an action such as the instant one for damages, the “net result” of a judgment which awards nothing to plaintiff is favorable to the former. Although defendant did not recover on her cross-complaint, she was the prevailing party in the court below because plaintiff was denied recovery against her.’”
 
 (Schrader
 
 v.
 
 Neville
 
 (1949) 34 Cal.2d 112, 115 [207 P.2d 1057].)
 

 In a case arising under Code of Civil Procedure section 1032, the court in
 
 McLarand, Vasquez & Partners, Inc.
 
 v.
 
 Downey Savings & Loan Assn.
 
 (1991) 231 Cal.App.3d 1450 [282 Cal.Rptr. 828], read the language of section 1032 to be consistent with the rule established in
 
 Schrader.
 
 In
 
 McLarand,
 
 both plaintiff and defendant were denied relief on the complaint and cross-complaint they brought against each other; the Court of Appeal rejected the plaintiff’s claim that both parties were “prevailing parties” under section 1032 and both were entitled to costs. “The practical effect of such a result would be to conclude the prevailing party is the one who spends the most, for only that party would recover anything after the claims were offset. It is fundamental that a statute should not be interpreted in a manner that would lead to absurd results.” (231 Cal.App.3d at p. 1453.) The court then concluded: “Section 1032 provides that the definitions of defendant and plaintiff include a cross-defendant and cross-complainant, respectively,
 
 unless the context clearly requires otherwise.
 
 (§ 1032, subd. (a).) Clearly the context requires otherwise here. The phrase ‘a defendant where neither the plaintiff nor the defendant obtains any relief cannot be interpreted as McLarand urges. A defendant cannot obtain relief unless it files a cross-complaint against the plaintiff because affirmative relief cannot be claimed in the answer. (§431.30, subd. (c).) The statute, therefore, already contemplates that when neither the plaintiff nor the defendant who has filed a cross-complaint prevails, the defendant is the prevailing party entitled to costs.” (231 Cal.App.3d at p. 1454.) Thus, the court held that the phrase in section 1032, subdivision (a)(4), “ ‘a defendant where neither plaintiff nor defendant obtains any relief’ compels the conclusion that a defendant in this context does not include the plaintiff as a cross-defendant.”
 
 (Id.,
 
 at p. 1455.)
 

 Ignoring the fact that appellant had filed a complaint in intervention alleging negligence against BMS, appellant argues that “BMS is like the
 
 *1027
 
 plaintiff, and AIL like the defendant in
 
 Schrader,”
 
 and since BMS did not prevail on its own cross-complaint against AIL, it cannot be a prevailing party. In the absence of the complaint in intervention, we agree with AIL that BMS would not meet the definition of one of the four categories of parties who are entitled to costs as a matter of right.
 
 [5]
 
 However, since BMS clearly prevailed on the complaint in intervention filed against it by appellant, BMS is in the position of the
 
 defendants
 
 in
 
 Schrader
 
 and
 
 McLarand.
 
 Thus, BMS is the prevailing party entitled to costs under Code of Civil Procedure section 1032 because “[t]he statute, therefore, already contemplates that when neither the plaintiff nor the defendant who has filed a cross-complaint prevails, the defendant is the prevailing party entitled to costs.”
 
 (McLarand, Vasquez & Partners, Inc.
 
 v.
 
 Downey Savings & Loan Assn., supra,
 
 231 Cal.App.3d at p. 1454.)
 

 Although BMS is the prevailing party as to the complaint in intervention, BMS is not entitled to all of its allowable costs going back to the time of the filing of Hiott’s complaint. “It appears to be well established that costs awarded under section 1032, or its predecessor statutes, against a plaintiff in intervention may not pertain to the period prior to which he or she was a party to the action.”
 
 (Garcia
 
 v.
 
 Hyster Co.
 
 (1994) 28 Cal.App.4th 724, 731 [34 Cal.Rptr.2d 283].) “ ‘Liability for costs will be fixed in any given case by determining the intervener’s alignment with the original parties and will be limited to those costs incurred while the intervener was a party to the action.’ ”
 
 (Id.,
 
 at p. 733.)
 

 Because the right to recover costs is purely statutory
 
 (Garcia
 
 v.
 
 Hyster Co., supra,
 
 28 Cal.App.4th at p. 733), and because BMS is a prevailing party as to AIL by virtue of having defeated AIL’s complaint in intervention, we conclude that BMS is entitled to only those allowable costs incurred after the filing of the complaint in intervention sometime around January 21, 1993.
 
 [6]
 
 From the face of the memorandum of costs, we can ascertain that numerous
 
 *1028
 
 claimed costs were incurred prior to January 1993, and these costs are not recoverable against AIL; other costs do not indicate the date they were incurred. For example, the filing fee for the answer to the complaint in item No. la(l) is clearly not recoverable; also not recoverable is the service fee in attachment No. 4d for serving the cross-complaint on January 18, 1991. The witness fees in attachment No. 7a(5) incurred in 1991 and 1992 are clearly not recoverable against AIL. Because on this record, we cannot ascertain the date many of the other costs were incurred, we cannot ascertain whether they are properly recoverable; however, on remand, the trial court may be able to ascertain the dáte the costs were incurred and whether they are properly recoverable against AIL.
 

 Appellant also contends the court erred in failing to limit recoverable costs to those incurred by BMS in defending AIL’s cross-complaint. However, appellant cites no pertinent authority to support that result under the circumstances here; its reliance on
 
 Slavin
 
 v.
 
 Fink
 
 (1994) 25 Cal.App.4th 722 [30 Cal.Rptr.2d 750], is misplaced as that case addressed the issue of the trial court’s
 
 discretionary
 
 allocation of costs where actions were consolidated. We also need not address appellant’s contention, made only in a footnote near the end of its opening brief, that the award of over $3,200 in photocopying expenses was improper under Code of Civil Procedure section 1033.5, subdivision (b)(3). On remand, the trial court, which has access to a more complete record and is more familiar with the trial and the exhibits, will be able to address this, and other challenges to individual items in the memorandum of costs.
 

 We now proceed to address the issue of whether the trial court properly awarded BMS attorney’s fees on the ground that the parties’ contract contained an attorney’s fee provision subject to Civil Code section 1717.
 

 II
 

 Contract Does Not Contain Attorney’s Fees Provisions Within the Meaning of Civil Code Section 1717
 

 As noted above, because there is no extrinsic evidence brought to our attention or alleged to have been admitted on the issue of the parties’ interpretation of paragraph 13, the issue of its interpretation is one of law on appeal.
 

 
 *1029
 
 “ ‘Unless authorized by either statute or agreement, attorney’s fees ordinarily are not recoverable as costs.’ [Citation.] Where a contract accords a right to attorney fees to one party but not the other, Civil Code section 1717 creates a statutory reciprocal right to attorney fees in all parties to the contract. [Citations.] Where a contract provides for attorney fees in an action to enforce the contract, the attorney fees provision is made applicable to the entire contract by operation of Civil Code section 1717.”
 
 (Myers Building Industries, Ltd.
 
 v.
 
 Interface Technology, Inc.
 
 (1993) 13 Cal.App.4th 949, 968 [17 Cal.Rptr.2d 242].)
 

 “Under California law, an ‘[i]ndemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties or of some other person.’ (Civ. Code, § 2772.)... An indemnitor in an indemnity contract generally undertakes to protect the indemnitee against loss or damage through liability to a third person. [Citation.] [H An indemnity agreement is to be interpreted according to the language and contents of the contract as well as the intention of the parties as indicated by the contract. [Citation.] The extent of the duty to indemnify is determined from the contract. ...[HA clause which contains the words ‘indemnify’ and ‘hold harmless’ is an indemnity clause which generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third persons.”
 
 (Myers Building Industries, Ltd.
 
 v.
 
 Interface Technology, Inc., supra,
 
 13 Cal.App.4th at pp. 968-969.) “The very essence of an indemnity agreement is that one party hold the other harmless from losses resulting from certain specified circumstances. The provisions of Civil Code section 1717 were never intended to inflict upon the indemnitee the obligation to indemnify his indemnitor in similar circumstances. Indemnification agreements are intended to be unilateral agreements. The Legislature has indicated no intent to make them reciprocal by operation of law. Indeed a contrary intent is evidenced by Civil Code section 2778, subdivision 3, including attorney fees as a matter of law as an item of recoverable loss in an indemnity agreement.” (13 Cal.App.4th at p. 973.)
 

 Respondent argues that the first sentence of paragraph 13 is broad enough to constitute an attorney’s fee provision within the meaning of Civil Code section 1717 because it provides for the recovery of costs, including attorney’s fees, for “any claim arising for any reason or cause whatsoever” and which is “related in any way to this Order.” Respondent maintains that “This language is at best ambiguous as to whether it provides for the recovery of attorney’s fees in an action to enforce the agreement.”
 

 
 *1030
 
 We reject respondent’s interpretation of the contract and claim of ambiguity.
 
 [7]
 
 “[G]iving consideration to the ordinary meaning of the words used (Civ. Code, § 1644) together with the subject matter heading and giving effect to the entire provision (Civ. Code, § 1641), we conclude that the provision was intended to deal only with third party claims.” (See
 
 Myers Building Industries, Ltd.
 
 v.
 
 Interface Technology, Inc., supra,
 
 13 Cal.App.4th at p. 974.) There is no language in paragraph 13 from which we may reasonably infer that the contracting parties intended to address claims made against each other. Accordingly, we conclude that there is no language in paragraph 13 which reasonably can be interpreted as addressing the issue of an action between the parties on the contract. Civil Code section 1717 applies only to “any action on a contract, where the contract specifically provides that attorney’s fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party.” (Civ. Code, § 1717, subd. (a).) As noted by the court in
 
 Hillman
 
 v.
 
 Leland E. Burns, Inc., supra,
 
 209 Cal.App.3d 860, 870: “An attorney fees provision [within the meaning of Civil Code section 1717] would have been the proper subject for negotiation between the parties and possible inclusion in the indemnity agreement; but we decline to add, in the guise of interpretation, a provision which is not there.”
 

 As to this point, we agree with appellant that
 
 Continental Heller Corp.
 
 v.
 
 Amtech Mechanical Services, Inc., supra,
 
 53 Cal.App.4th 500, is instructive herein because it is so clearly distinguishable. In
 
 Continental Heller,
 
 the court upheld an award of attorney’s fees incurred to prosecute an action to enforce an indemnity agreement because the contract “expressly provides for attorney fees incurred as the result of any breach of the contract.” (53 Cal.App.4th at p. 508.) The contract therein contained a paragraph that the subcontractor was to indemnify the contractor for “ ‘any and all loss, damage, costs, expenses and attorney’s fees suffered or incurred
 
 on account of any breach of the aforesaid obligations and covenants . . .(Id.,
 
 at pp. 508-509.) The court held that “It is clear this concluding paragraph is not referring to indemnity for attorney fees incurred in defending actions brought against Continental. That indemnity is covered in subparagraph (b) of the section. Rather, the quoted language is intended to entitle Continental to attorney fees in any action it brings against Amtech for breach of any provision of the contract, including, but not limited to, breach of the indemnity provisions of subparagraph (b).” (53 Cal.App.4th at p. 509.)
 

 
 *1031
 
 Unlike
 
 Continental Heller,
 
 the contract in the instant case contains no language affording attorney’s fees for actions between the parties on the contract or on account of a breach of the contract. In fact, the court in
 
 Continental Heller
 
 stated that without the additional express provision for attorney fees incurred for breach of the contract, “we would agree with Amtech that Continental is not entitled to attorney fees incurred in prosecuting this action for breach of the indemnity agreement. There is, however, an additional provision on attorney fees.” (53 Cal.App.4th at p. 508.) Accordingly,
 
 Continental Heller
 
 supports AIL’s claim that the instant contract does not contain an attorney’s fee provision within the meaning of Civil Code section 1717.
 

 The contract language in the instant case is also substantially different from that in cases cited by respondent. For example in
 
 Citizens Suburban Co.
 
 v.
 
 Rosemont Dev. Co.
 
 (1966) 244 Cal.App.2d 666 [53 Cal.Rptr. 551], involving an action by a water company for specific performance of a service agreement, the entire indemnity clause provided that “ ‘The Subdivider shall indemnify and hold the Utility harmless from any and all claims, demands, liabilities, losses, costs or expenses which it may suffer, incur or be put to by reason of the Subdivider’s default under or non-compliance with the aforesaid covenants, representations and warranties.’ ”
 
 (Id.,
 
 at p. 683, fn. 6.) The court noted that “The quoted phrase calls for payment of enforcement expenses occasioned by noncompliance. While broader than the standard attorney fee clause, there is no reason why it should not include the same kind of enforcement expense, provided that the enforcement action is brought in good faith and is reasonably necessary.”
 
 (Id.,
 
 at p. 683.) The indemnity clause in
 
 Citizens Suburban
 
 is thus distinguishable from the clause herein because the instant contract does not advert to contract warranties or defaults, and it also contains additional provisions relating to third party claims which were absent in
 
 Citizens Suburban.
 

 Also inapposite is respondent’s reliance on
 
 Xuereb
 
 v.
 
 Marcus & Millichap, Inc.
 
 (1992) 3 Cal.App.4th 1338 [5 Cal.Rptr.2d 154], which did not involve an indemnity clause, but an attorney’s fee provision in a purchase agreement which provided that “ ‘If this Agreement gives rise to a lawsuit or other legal proceeding between any of the parties hereto, including Agent, the prevailing party shall be entitled to recover actual court costs and reasonable attorneys’ fees in addition to any other relief to which such party may be entitled.’ ”
 
 (Id.,
 
 at p. 1340.)
 
 Xuereb
 
 is clearly distinguishable and does not aid respondent’s position. None of the other cases upon which respondent relies support its interpretation of the instant contract.
 

 Inasmuch as we conclude that as a matter of law the contract in this case does not contain an attorney’s fee provision within the meaning of section
 
 *1032
 
 1717 of the Civil Code, the trial court erred in awarding BMS attorney’s fees against AIL.
 

 Disposition
 

 That part of the judgment awarding attorney’s fees and costs to BMS from ATT, is reversed and the cause is remanded to the trial court with directions to deny BMS’s claim for attorney’s fees and to redetermine the amount of other costs recoverable by BMS against AIL consistent with the views set out in part I herein. The parties are to bear their own costs on appeal.
 

 Johnson, J., and Woods, J., concurred.
 

 A petition for a rehearing was denied July 7, 1997.
 

 [1]
 

 Civil Code section 1717 provides in pertinent part: “(a) In any action on a contract, where the contract specifically provides that attorney’s fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to other costs. . . . [^Q (b)(1). . . Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no prevailing party on the contract for purposes of this section.”
 

 [2]
 

 Code of Civil Procedure section 1032 provides in pertinent part: “(a) As used in this section, unless the context clearly requires otherwise: HQ (1) ‘Complaint’ includes a cross-complaint.
 
 [%
 
 (2) ‘Defendant’ includes a cross-defendant or a person against whom a complaint is filed. [<1 (3) ‘Plaintiff’ includes a cross-complainant or a party who files a complaint in intervention. [IQ (4) ‘Prevailing party’ includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the ‘prevailing party’ shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034. FJ0 (b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.”
 

 [3]
 

 Paragraph 1 of the judgment deals with the claim for negligence brought by Hiott and awards costs to BMS in the amount of $28,257.93. We do not interpret this award in paragraph 1 to be against AIL. Moreover, the foregoing sum appears to represent the amount of costs claimed in BMS’s memorandum of costs, exclusive of the attorney’s fees. In other words, the award in paragraph 2 of the judgment as against AIL already includes the costs of $28,257.93.
 

 [4]
 

 Civil Code section 2778 provides in pertinent part: “In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: HI] . . . [5D 3. An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion . . . .”
 

 Without discussion, appellant cites
 
 County of San Joaquin
 
 v.
 
 Stockton Swim Club
 
 (1974) 42 Cal.App.3d 968 [117 Cal.Rptr. 300], and
 
 Hillman
 
 v.
 
 Leland E. Burns, Inc.
 
 (1989) 209 Cal.App.3d 860 [257 Cal.Rptr. 535]. In
 
 County of San Joaquin,
 
 a child at a swim club was injured and the jury found none of the defendants liable; however, the swim club defendant was obligated to pay the public entity defendants’ expenses of defending themselves under contract language that the club agreed to hold the public agencies “ ‘free and harmless from any loss, damage, liability, cost or expense that may arise during or be caused in any way by such use or occupancy of the property.’ ” (42 Cal.App.3d at p. 971.) The court held that “The indemnity award did not depend on negligence or defective property; rather the question is whether the Arellano claim fell within the broad language of the indemnity clause quoted above. The trial court properly held that it did.”
 
 (Id.,
 
 at p. 973.)
 

 In
 
 Hillman,
 
 a nonnegligent defendant architect was held to be entitled to attorney fees from a negligent defendant contractor under the indemnification clause of the construction contract therein, which provided in pertinent part that “ ‘The Contractor shall indemnify and hold harmless the Owner and the Architect. . . from and against all claims, damages, losses and expenses including attorneys’ fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury . . . and (2) is caused in whole or in part by any negligent act or omission of the Contractor, . . . regardless of whether or not it is caused in part by a party indemnified hereunder.’ ” (209 Cal.App.3d at p. 865.) The court held that “Under the inclusionary portion of the clause, the contractor unequivocally has agreed to indemnify the architect for ‘all claims, damages, losses and expenses including attorneys’ fees’ caused solely or partially by the contractor’s negligent work performance that results in death or injury. The jury in this case attributed 60 percent of owner’s liability, arising out of or resulting from contractor’s work performance under its contract with owner, to contractor. Architect incurred attorney fees, from or arising out of the same work performance of contractor, in defending the litigation generated therefrom. The . . . construction agreement accordingly clearly required contractor to indemnify architect. [H . . . Although plaintiffs’ principal
 
 contention
 
 against architect during trial may have been his professional negligence, the jury . . . specifically found architect
 
 not
 
 to be liable. By the express language of the contract, the exclusionary provision therefore has not been triggered; and contractor remains bound to indemnify architect for the attorney fees incurred as a result of its negligence.”
 
 (Id.,
 
 at p. 866-867.)
 

 The circumstances and contractual language at issue in
 
 Hillman
 
 and
 
 County of San Joaquin
 
 are distinguishable from the instant case and these cases do not support appellant’s interpretation of the contract herein.
 

 [5]
 

 Assuming there was no complaint in intervention, BMS would not fit into any of the four statutory categories. It was not a party with a net monetary recovery; it was not a defendant in whose favor a dismissal was entered; it was not a “defendant where neither plaintiff nor defendant obtains any relief’ because with respect to AIL, BMS was not a defendant, but a
 
 cross-complainant
 
 bringing AIL into the action as a cross-defendant, and thus with respect to AIL, the
 
 Schrader
 
 rule would apply to deny BMS its costs; and finally, BMS was not “a defendant as against those plaintiffs who do not recover any relief against that defendant,” because AIL did recover relief against BMS when AIL defeated BMS’s cross-complaint against AIL. In fact, BMS and AIL both lost on their own cross-complaints, thus necessarily both also obtaining relief in the capacity as cross-defendants.
 

 [6]
 

 Although the complaint in intervention is dated January 21, 1993, the date it was filed cannot be ascertained on the instant record. On remand, however, the trial court may ascertain
 
 *1028
 
 the date of filing and award only those properly allowable costs incurred by BMS after the date of the filing of the complaint in intervention.
 

 [7]
 

 Inasmuch as we reject respondent’s claim of ambiguity, we need not address its claim that such ambiguity should be construed strictly in favor of it because the contract was an adhesion contract drafted by AIL, which was in superior bargaining position. We also note that these latter points are factual matters and BMS fails to point out that they were litigated or decided by the trier of fact below, so we conclude they are issues not properly before us on appeal.